101　467
124　205

101　467
88a 670

101　467
f189 ³590

101　467
108a ¹341

## William Rhode *et al.*

### *v.*

## Mattie McLean.

*Filed at Mt. Vernon January 18, 1882.*

1. Secondary Evidence—*as to contents of lost instrument—of the diligence required.* While it may be true that every one into whose hands a writing has been traced should be produced before admitting secondary evidence of its contents, yet where the evidence shows the instrument to have been destroyed, no further proof is required in order to admit such evidence.

2. Same—*sufficiency of proof of a copy.* On the question of the admissibility of a copy of an appeal bond in evidence, in a case where the principal had obtained and destroyed the original, the clerk of the court testified that he looked at the bond when handed him, and saw it was in the sum required by the order of the court, and that it was signed by the defendants, before he approved the same; that he could not swear whether the copy shown him was a copy or not; that he did not read the original bond through; that he only read far enough to see that it was an appeal bond in the case, and that the amount conformed to the order of the court, and who the sureties were, and that they were good; that his recollection was that the bond handed him by the defendant was on a printed blank; that the copy shown him was on a blank such as he generally used in the office; and that the defendant got a blank from him to fill up, in the case in which the appeal was taken: *Held,* that the proof was sufficient that the copy exhibited was in substance a copy of the appeal bond.

3. Evidence—*admission of principal evidence against his surety.* The admission of the principal in an appeal bond that the bond was destroyed, he having taken it from the clerk's office and never having returned it, is

evidence of the fact of its destruction, not only as against himself, but against his co-obligors as well.

4. SURETY—*signing on condition unknown to obligee.* The fact that.a party signing an appeal bond as a surety, signed the same and left the bond in the hands of the principal upon condition others were also to execute the same before it should be delivered, and that it was used contrary to such condition, is no defence to the surety in a suit upon the bond, where the obligee is not chargeable with notice of the condition on which it was executed.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Richland county; the Hon. WILLIAM C. JONES, Judge, presiding.

Messrs. BELL & GREEN, and Mr. J. P. ROBINSON, for the plaintiffs in error:

The bond was shown to have gone into the hands of Henry Blatter, and he should have been called to account for it, before the admission of secondary evidence. 1 Greenleaf on Evidence, sec. 558; *Parkins* v. *Cobbett,* 11 Eng. C. L. 394; *Chapin* v. *Taft,* 18 Pick. 379.

And what Blatter said to Morehouse about the bond being destroyed, was no evidence against the other defendants. Blatter was a competent witness for the plaintiff, and could have been compelled to produce the bond on the trial. Rev. Stat. chap. 51, secs. 6, 9.

Where a written instrument is traced to the hands of a particular person, that person must be called and sworn to give an account of it. *The King* v. *The Inhabitants, etc.* 6 T. R. 236; *Jackson* v. *Hasbrouck,* 12 Johns. 192; *Woods* v. *Garrett,* 11 N. H. 442; *Poignand* v. *Smith,* 8 Pick. 278; *The Governor* v. *Barkley,* 4 Hawks, 20. See, also, as to the diligence required, *Mariner* v. *Saunders,* 5 Gilm. 113; *Rankin* v. *Crow,* 19 Ill. 626; *Cook* v. *Hunt,* 24 id. 535; *Williams* v. *Case,* 79 id. 356; *Wing* v. *Sherrer,* 77 id. 200; *Railway Company* v. *Ingersoll,* 65 id. 399.

The substance of a lost paper ought to be proven satisfactorily, and its contents should have been known to the witness, and understood by him, so as not to leave any doubt as to its material parts; and when the proof is made out by parol, the witness should have seen and read the paper, and be able to speak pointedly and clearly as to the tenor and contents. *Rigg* v. *Taylor*, 1 Pet. 591; *United States* v. *Britton*, 3 Mason, 464; *Rankin* v. *Crow*, 19 Ill. 626.

The law is well settled, that where a surety signs a note or obligation of any kind, on the express condition that it is to be signed by another person, as a co-surety, before it is delivered, and it is delivered without being so signed, the payee, or obligee, being chargeable with notice of such condition, such facts constitute a good defence to any action brought upon such instrument against the surety. *Stricklin* v. *Cunningham*, 58 Ill. 293; *Allen* v. *Marney*, 65 Ind. 398.

Mr. J. M. LONGENECKER, and Messrs. WILSON & HUTCHINSON, for the defendant in error:

As to the last point made, that the plaintiffs in error never consented to the delivery of the bond until it was signed by other obligors, the law is settled against the plaintiffs in error. *Smith* v. *Peoria Co.* 59 Ill. 412; *Comstock et al.* v. *Gage*, 91 id. 335.

The objection that the statement of Blatter that the bond was destroyed does not bind his co-defendants, is not sustained by authority. 1 Greenleaf on Evidence, pp. 252, 253; Wharton on Evidence, secs. 1091–2, sec. 143.

"If a document is conceded by the party in whose hands it was last heard from, to have been lost or destroyed, then notice to him to produce it is unnecessary. He is estopped from setting up such possession of the paper as would make a notice to produce of use." Wharton on Evidence, sec. 161.

The loss is proved by the clerk's certificate or oath, where the statute requires it to be filed. Abbott on Trial Evidence, sec. 14, p. 510.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action upon an appeal bond, given upon an appeal from a judgment of the circuit court of Richland county to the Appellate Court, brought against the sureties, wherein the plaintiff recovered, and the defendants bring the case here upon writ of error.

The questions made upon the record are the three following: First, that there was no sufficient foundation laid for the reception of secondary evidence, which was admitted, of the contents of the bond sued on; second, that the copy of the bond read in evidence was not shown to be a true copy of the original bond; and third, that the court below wrongly excluded the evidence offered by the defendants, that they signed the bond on condition that it was not to be used unless signed by other parties, who did not sign it, and that it was used contrary to such condition.

The appeal to the Appellate Court, upon which the appeal bond was given, was taken by Henry Blatter, who was the principal obligor in the bond. Mr. Knoph, the then clerk of the circuit court of Richland county, testified, that within the time limited for giving the appeal bond Blatter handed to him, in his office, an appeal bond, signed by Blatter and the defendants, and he approved the bond and filed it; that the next morning Blatter came into the office and asked witness for the bond, saying he would return it in a little while; that witness gave him the bond, and he took it away, and witness had not seen it since.

Mr. Morehouse, the deputy clerk, testified, that at the request of Mr. Knoph he went to Blatter and asked him for the appeal bond; that Blatter did not give it to him, but promised to return it in a few days; that he never did return it to the clerk's office, where he got it; that witness afterwards, at the request of Mr. Tippit, the succeeding circuit clerk, went to Blatter and demanded the bond, and the latter said he did not have the bond, and that it was destroyed.

Mr. Tippit, the present circuit clerk, testified that in addition to sending his deputy clerk, Mr. Morehouse, for the bond, he himself demanded the bond of Blatter, and the latter said he did not know anything about it.   There was proof that after diligent search in the clerk's office the bond could not be found there.

The objection is taken, that as the bond was traced to the hands of Blatter, he should have been produced as a witness to account for it, referring to *Mariner* v. *Saunders*, 5 Gilm. 113, *Rankin* v. *Crow*, 19 Ill. 626, *Cook* v. *Hunt*, 24 id. 535, among other authorities, as so holding.   Such may be the general rule where the destruction of the instrument has not been shown, but where the evidence shows the instrument to have been destroyed, no further proof is required in order to admit secondary evidence of its contents.   Blatter's (the principal obligor's) admission that the bond was destroyed, was, we think, evidence of the fact, not only as against himself but against his co-obligors as well.   Mr. Greenleaf lays down the rule :   "In the absence of fraud, if the parties have a joint interest in the matter in suit, whether as plaintiffs or defendants, an admission made by one, is, in general, evidence against all.   They stand to each other, in this respect, in a relation similar to that of existing co-partners.   *   *   * And where two were bound in a single bill, the admission of one was held good against both defendants."   1 Greenleaf on Evidence, sec. 174.

As to the admission in evidence of the copy, the clerk testified, as the order of court itself in evidence showed, that the appeal was granted on Blatter's giving bond in the sum of $3000, to be approved by the clerk of the court, and filed within thirty days ; that he looked at the bond when handed to him by Blatter, saw it was in the sum of $3000, and that it was signed by Blatter and the defendants ; that he could not swear whether the copy in question shown him was a copy or not ; that he did not read the bond handed him by

Blatter, through; that he only read far enough to see that it was an appeal bond in that case, that the amount conformed to the order of the court, and who the sureties were, and that they were good; that his recollection was that the bond handed to him by Blatter was on a printed blank; that the copy shown him was on a blank such as he generally used in his office, and that Blatter got a blank bond from.him to fill up in the case. The proof was sufficient that the copy exhibited in evidence was in substance a copy of the appeal bond, especially in view of the liberal presumption in favor of the proof which the law would indulge in such a case, *in odium spoliatoris.*

It is not pretended, and could not be claimed under the decisions of this court, that the facts offered to be shown by the rejected testimony would form any defence, unless the obligee in the bond was chargeable with notice of the condition upon which the sureties signed it. It is sought by the defendants to raise the question that the obligee is chargeable with such notice, from the fact that in the copy of the bond read in evidence by the plaintiff, as it appears by the bill of exceptions, the name of a party who did not sign the bond, to-wit, Ferdinand Schmadel, is inserted in the bond with the names of the parties who did sign it; that this was a suspicious circumstance appearing on the face of the bond, indicating that it should have been signed by other parties before being filed in the clerk's office, and that this should have put the obligee or clerk on inquiry, which would have led to a knowledge of the condition offered to be proved by the defendants; that whatever is sufficient to put a reason-able man on inquiry, amounts to notice, and referring to *Allen* v. *Marney,* 65 Ind. 398, as sustaining the proposition, and citing the authorities which do so.

We do not think the evidence shows that the bond did contain the name of Ferdinand Schmadel, and hence there is no basis of fact for raising the question of notice of the

condition which defendants would make. The so-called copy read in evidence, and which contains in the body the name of Ferdinand Schmadel, was the copy attached to the declaration as a copy of the bond sued on. The suit, as appears, was brought under the misapprehension that Schmadel was one of the signers to the bond, as it was brought and the declaration filed against him as a party, together with the present defendants, hence his name appearing in the copy of the bond attached to the declaration. In the progress of the cause, and before the time of trial, on motion of the plaintiff the suit was dismissed as to Ferdinand Schmadel, and leave was given by the court to plaintiff to amend the declaration, and the copy of the bond filed with the declaration, by striking out the name of Ferdinand Schmadel. As that name does not now appear as signed to the copy of the bond contained in the bill of exceptions, plaintiff, evidently, in pursuance of the leave of the court, amended the copy filed with the declaration by striking out the name of Schmadel as a signer to the bond, and omitted, through inadvertence, no doubt, to strike out that name also in the body of the copy. There was no evidence that the copy was a true copy of the bond, and, under all the circumstances, Schmadel's name appearing, as it now does, in the body of the copy of the bond shown in the bill of exceptions, is of no significance as showing that that name appeared in the body of the appeal bond itself.

Finding no error in the respects claimed, the judgment will be affirmed.

*Judgment affirmed.*