WILLIAM BARMBY v. ADA PLUMMER.

[FILED MARCH 11, 1890.]

Private Writings: NOTICE TO PRODUCE: EVIDENCE ALIUNDE. Where a party to an action desires to give evidence, *aliunde*, of the existence or contents of a private writing which has been delivered to the adverse party, the better practice is to serve a timely notice upon such party, or his attorney, to produce the writing at the trial. But such notice may be dispensed with upon proof that such party has said that such writing has been lost or destroyed.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*R. S. Bibb,* for plaintiff in error.

*A. H. Babcock,* and *A. Hardy, contra.*

No briefs filed.

Cobb, Ch. J.

The plaintiff below alleged that the defendant was indebted to her in the sum of $47.62, for goods, wares and merchandise sold and delivered to him at his special instance and request, as set forth in the bill of items marked A; that there has been paid on said bill $13.26, in addition to the credit thereon, and is now due $47.62.

Second—That heretofore, and within the past year, the defendant received a bill of furniture consigned to the plaintiff, the price and value of which was $103.32, and which he kept and appropriated to his own use, and for which he agreed to pay the plaintiff said amount, with interest thereon from April 6, 1886, which he has neglected and refused to do, and remains justly indebted therefor.

Third—That on April 8, 1886, she bargained and exchanged with defendant certain property for eighty acres of land in said county received of him, subject to a mortgage of $1,300, bearing interest at 10 per cent, which he represented was paid up to April 1, 1886, but was not paid to within four months thereof, and which she was compelled to pay, amounting to $43.33, and for which he remains justly indebted to plaintiff, with interest thereon at 10 per cent from April 8, 1886.

Fourth—That for two months from April 8, 1886, plaintiff furnished defendant, at his request, lamps and oil, lighting one-half the store occupied by him in Beatrice, at an expense and value of $5, and which he remains justly indebted therefor.

The plaintiff demands judgment of $199.27, with interest on $52.62 at 7 per cent per annum from November 17, 1886, and on $146.65 from April 6, 1886, and for costs of suit.

The defendant answered, denying the allegations of the plaintiff and setting up that the plaintiff is indebted to him in the sum of $198.25, in the following particulars:

| | | |
|---|---:|---:|
| Order from Spencer..................................... | $5 | 00 |
| Two months' use of telephone......................... | 8 | 00 |
| Furniture, one chair.................................. | 7 | 25 |
| Rent for hall at Liberty, April 8 to May 15, 1886, | 6 | 00 |
| Two months' rent, one-half store..................... | 75 | 00 |
| One and half month's rent on one-fourth store..... | 28 | 00 |
| Tools retained in trade............................... | 35 | 00 |
| Work of son, and horse feed........................... | 25 | 00 |
| Freight............................................... | 9 | 00 |
| | $198 | 25 |

That said sum is due and unpaid.

The plaintiff replied, denying the allegations of defendant. There was a trial to a jury with findings for the plaintiff and verdict for $150.92. The defendant's motion for a new trial was overruled, and exceptions taken on the record. The cause was brought to this court on error by the defendant, who assigns six nominal errors, two of which are meritorious in form, and will be considered.

"1. That the court erred in permitting the plaintiff to testify verbally as to the contents of the bill of sale from plaintiff to defendant without first complying with the statute as to notice."

It appears from the bill of exceptions that at and before the 8th day of April, 1886, the plaintiff was engaged in keeping and carrying on a furniture store at Liberty, in Gage county, and the defendant was engaged in carrying on a mercantile business at the city of Beatrice. It appears that his establishment consisted of three distinct stocks or departments, one composed of groceries, one of boots and shoes, and one of queensware. The defendant was at Liberty about the first of said month of April, and was in negotiation with the plaintiff, through her husband

and agent, I. N. Plummer, with a view of trading his stock of groceries and certain real property in Beatrice for the stock of furniture of the plaintiff and certain real property belonging to her in Liberty. He left however and returned to Beatrice without consummating a trade. On the 6th or 7th day of said month I. N. Plummer went to Beatrice for the purpose of pursuing said negotiations and making such trade with the defendant. It appears from the testimony of I. N. Plummer that on that day and the next he accomplished a trade with the defendant; the property traded by the plaintiff consisting of "a furniture store in Liberty, store building, and dwelling house;" that there was a memorandum in writing made of the trade and signed by witness for Mrs. Plummer, plaintiff, but subject to her approval; that witness paid defendant $15 to bind the bargain, for which he took defendant's receipt, and if she did not approve and adopt the trade, witness, as her agent, was to lose the $15. The court here put the following questions to witness: "What was her decision?" To which he answered, "She would trade if Barmby would accept another bill of goods that came in after I left Liberty."

Q. Did he accept it?

A. Yes, he accepted, and that was put in the bill of sale; but that is the bill we cannot find now.

Q. Then the writing was not repudiated; what did she say about the written contract? Did she ratify the written contract?

A. That was finally done away with and another contract made—a bill of sale.

Q. (By the court.) Was that bill of sale in writing?

A. Yes, in writing.

Q. You say this first writing was merged in the last?

A. Yes.

Q. Then the two together would show the whole transaction, wouldn't they?

A. Yes; that is, with this difference—the difference of the new bill that came in after I left.

Q. Where is that bill of sale?

A. That is what I have been trying to find out.

Q. Where was it last?

A. The last I saw of it was when we left it with Sabin and told him before he gave it to Barmby to put it on record. I found out he didn't put it on record at all.

Q. Who had it the last you knew of it?

A. Mr. Sabin; he says he gave it to Barmby, and Barmby told me he had it afterwards.

Q. Is that the last you know about it?

A. Yes.

Q. (By Mr. Hardy.) State whether Barmby subsequently told you the bill of sale was lost, and he could not find it.

A. Yes, he did when I demanded it to see if the $103 was on it.

Q. You may state whether, at the former trial, you heard Barmby testify as to what had become of that bill of sale.

A. He testified it was lost.

Q. He could not produce it—did he testify whether he could produce it or not?

A. He said he could not.

Q. And the case was tried without it?

A. Yes.

Objected to and motion to strike out all of witness's evidence relating to a certain bill of sale from Mrs. Plummer to Mr. Barmby, as incompetent, immaterial, and irrelevant, which objection and motion were overruled. This ruling, and one of like import made by the court when the plaintiff was on the stand testifying as a witness in her own behalf, is the basis of the assignment of error now under consideration. Doubtless, the better practice in such cases is, where a party desires to give evidence of the existence and contents of a private writing which has been delivered to the adverse party, to serve a timely notice upon such party to produce it. But such notice may be dispensed with upon proof that such party has said that such writing

has been lost or destroyed. Such has been the holding of the English courts, even in criminal cases. (See *Rex v. Haworth,* 4 C. & P., *253 [19 Eng. C. L., 502].) The law nowhere requires the doing of an obviously nugatory and unavailing act.

The instructions complained of in the petition in error are not contained in the record.

The evidence set out in the bill of exceptions sustains the verdict.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.