Bertenshaw v. Laney.

JOHN BERTENSHAW, *as Administrator, etc.,* v.
J. S. LANEY.

No. 15,437.   (94 Pac. 805.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Cross-examination.* Where the answers to certain questions on the direct examination of a witness in a deposition are inadmissible, and are excluded, the cross-examination upon the subject-matter so excluded is equally inadmissible.

2. ———— *Secondary—Contents of a Written Instrument.* Where competent testimony is given to show that the defendant has the possession of a written instrument, the subject of the action, and the defendant testifies that he does not have, and never did have, the possession of such instrument, and that it never existed, oral evidence of the contents of such instrument is admissible.

3. ———— *Notice to Produce the Instrument.* A notice to the defendant to produce the instrument the existence of which he thus denied would have been vain and ineffectual, and was therefore unnecessary.

4. PARTNERSHIP—*Evidence—Oral Admissions—Alleged Written Agreement.* In an action for an accounting against an alleged partner, where the fact of partnership was in issue, testimony of the oral admissions by the defendant of the existence and general nature of a partnership between the parties was proper evidence for the jury to consider, although it was alleged in the petition that the partnership agreement was in writing.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed March 7, 1908. Reversed.

*W. E. Ziegler,* and *J. H. Dana,* for plaintiff in error.

*T. H. Stanford,* for defendant in error; *G. T. Stanford,* of counsel.

The opinion of the court was delivered by

BENSON, J.: This was a suit for an accounting of partnership business, brought by plaintiff as administrator of the estate of Ernest W. Radder, deceased.

32—77 KAN.

The petition alleged that the defendant and the deceased had entered into a partnership under the name of Radder, Laney & Co. to prospect and drill for oil and gas in Montgomery county, under a written agreement, the substance of which was stated, and which it was alleged was in the possession of the defendant. The defendant answered by a general denial and a specific denial of the existence of the alleged written agreement to form a partnership. This answer was verified.

On the trial the deposition of one Bates was read, from which it appeared that the defendant was in the service of the Sand Fork Gas and Petroleum Company, operating in the Indian Territory, and that in a conversation with the witness, who was the secretary of the company, the defendant said that Mr. Radder, his son-in-law, was anxious to make some money in oil operations and had agreed to pay the expenses and a salary of $200 per month for him to operate in Kansas, the proceeds of such operation to be divided—three-fourths to Radder and one-fourth to the defendant.

The deposition of William F. Sprague, president of the Sand Fork company, shows that the defendant told the witness that he was interested in oil properties in Montgomery county, Kansas; that the witness saw bills rendered by defendant to Radder, Laney & Co. for services; that these bills were handed to him by the defendant by mistake, together with another paper, in the course of business then being transacted for the Sand Fork company; and that a few days afterward the defendant called for such papers and they were handed to him by the witness. This occurred in Cleveland, Ohio, in June or July, 1903.

While these bills and this paper were in the possession of Mr. Sprague he showed them to Mr. Bates, and they both read the paper. Both of these witnesses in their depositions testified to the contents of this paper—in substance, that it was a partnership agreement between the deceased, Radder, and the defendant, Laney, containing terms substantially the same as alleged in

the petition, and that it was signed by both parties. Both witnesses were cross-examined at length concerning this paper and its contents. On the trial an objection was made to the evidence of these witnesses as to the contents of this paper, and the testimony was excluded. After the direct-examination pertaining to the contents of this paper was excluded the plaintiff offered the cross-examination, to which the defendant also objected, and the objection was sustained.

The deceased, Radder, was in his lifetime the treasurer of the Sand Fork company, having his office at Cleveland, Ohio. The testimony discloses the fact that he made frequent remittances to the defendant, Laney, for the Sand Fork company, which were used in its business, but the evidence also discloses the fact that a number of his remittances — amounting to nearly $500 — were made to, and received by, the defendant which were not applied to that business, and the theory of the plaintiff is that such remittances were used in the business of Radder, Laney & Co. The evidence also shows that Laney was the holder of leases from the Independence Gas Company of oil and gas territory in Montgomery county, which the defendant agreed to develop as provided in the leases, and it is claimed by the plaintiff that this business belonged to the alleged partnership.

Mr. Sprague testified on cross-examination that the paper before mentioned, which he returned to the defendant, was when he received it with a bunch of other papers, which he supposed pertained to the business of the Sand Fork company, and for that reason he read it; and he testified that it was a contract between Radder and Laney pertaining to oil leases in Montgomery county, Kansas. This statement was, however, excluded on the objection of the defendant, for the reason that it was not the best evidence. On cross-examination the witness was asked:

"Ques. What paper was that? Ans. It was appar-

ently an agreement between Mr. Radder and Mr. Laney."

"Q. And you read it, did you? A. I did.

"Q. All of it? A. All of it."

The foregoing questions and answers were not objected to.

The plaintiff examined the defendant as a witness and asked him this question:

"Ques. Mr. Laney, this action was commenced on the 18th day of May, 1905; did you at that time have in your possession, or have you since that time had in your possession, or have you now in your possession or under your control, any written agreement between E. W. Radder and yourself concerning the operation of oil properties in the county of Montgomery and state of Kansas? Ans. No, sir; I never did have and I have not now."

On cross-examination he said that he did not have such an agreement because there never was one made, and that he never had such an agreement in his possession. After this testimony the plaintiff again offered the depositions — both direct examination and cross-examination — of the witnesses stating the contents of the paper before referred to, to which the defendant again objected, and the court sustained the objection. Plaintiff then rested; and a demurrer to the evidence was sustained.

There was no error in sustaining the objection to the secondary evidence of the contents of the written instrument when first offered. No notice had been given to produce the writing and no evidence had been offered of its loss. The answers to the direct interrogatories being inadmissible, the cross-examination could not be allowed. (3 Wig. Ev. § 1893.) The admissibility of the cross-examination depended upon the admissibility of the direct-examination. (*Callison v. Smith,* 20 Kan. 28; *Bentley v. Estate of Bentley,* 72 Neb. 803, 101 N. W. 976.) When, however, the defendant testified that no such paper was in existence a different

question was presented. Under such conditions a notice to produce the paper would have been ineffectual, and the law does not require a vain act. It would have been useless to demand the paper in order to admit secondary evidence of its contents when the defendant denied having it. He cannot complain that he was not given an opportunity to produce that which he testified he never had. (*Bickley v. Bickley,* 136 Ala. 548, 34 South. 947; *Carr v. Smith,* 58 Ga. 361; *Scott v. Bailey,* 73 Vt. 49, 50 Atl. 557; *Roberts v. Spencer,* 123 Mass. 397; 2 Wig. Ev. §§ 1201-1203.) It has been held that, where a demand would be vain or unavailing, it is unnecessary to make it. (*Barton v. Mulvane,* 59 Kan. 313, 52 Pac. 883.) The same principle applies here.

Notwithstanding the denial by the defendant that such a writing ever existed the plaintiff had the right to offer evidence to the contrary, and having offered evidence tending to show that such a writing was in existence and in the possession of the defendant, and the defendant having denied such possession, secondary evidence of its contents was admissible. Even without this evidence there was testimony tending to show the existence of a partnership. There was the testimony before referred to of the admissions of the defendant that he was engaged with Radder in oil operations in Kansas, stating the interest of the parties therein, and the salary he was to receive. In connection with this was the proof that remittances had been made to him from time to time by Radder that were not used in the business of the Sand Fork company, and the fact that he was engaged in such business in Montgomery county, under the leases from the Independence Gas Company. This court has said:

"Where the court sustains a demurrer to the evidence, the court must be able to say that, admitting every fact that is proved which is favorable to the plaintiff, and admitting every fact that the jury might fairly and legally infer from the evidence favorable to

the plaintiff, still the plaintiff has utterly failed to make out some one or more of the material facts of his case." (*Brown, Adm'r, v. A. T. & S. F. Rld. Co.*, 31 Kan. 1 [syllabus], 1 Pac. 605.)

The light in which evidence should be considered upon a demurrer is very clearly stated in *Hoffmeier v. Railroad Co.*, 68 Kan. 831, 75 Pac. 1117.

In *Edwards v. Tracy*, 62 Pa. St. 374, Mr. Justice Sharswood observed:

"The declarations of a party to the suit as to the existence of a partnership are unquestionably competent to prove him to have been a member of the alleged firm, and who were admitted by him to have been the persons composing it. . . . Nor does the fact that there was an agreement in writing between the defendants prevent the admission of this species of testimony." (Pages 378, 379.)

We conclude that the evidence of the contents of the written agreement offered after the testimony of the defendant had been given ought to have been received, and that the demurrer ought to have been overruled.

The judgment is reversed and the cause remanded for a new trial.