## COCHRAN v. BANK OF TUTTLE et al.

No. 1025.   Opinion Filed January 9, 1912.

(120 Pac. 652.)

**EVIDENCE—Best and Secondary Evidence—Admissibility.** The rule requiring a party offering secondary evidence of writing to show that he has in good faith exhausted in a reasonable degree all the sources of information and means of discovery which the nature of the case would naturally suggest and which are accessible to him does not apply, where the adverse party is the custodian and shown to have been last in possession of the document, and admits that the same is lost, as there is no longer any reason for the rule, and no other accounting for the loss is required.

(Syllabus by the Court.)

*Error from Grady County Court;*
*N. M. Williams, Judge.*

Action by W. H. Cochran against the Bank of Tuttle and H. E. Green.   Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Lawrence Mills,* for plaintiff in error.

*Bond & Melton,* for defendants in error.

DUNN, J.   This case presents error from the county court of Grady county.   June 26, 1908, plaintiff in error, as plaintiff, brought action against the Bank of Tuttle and H. E. Green, defendants in error, to recover damages upon an alleged warranty of a span of mules.   It is averred in the petition that on the 18th day of February, 1908, one W. H. Castle made and executed to the Bank of Tuttle a certain chattel mortgage, with power of sale, to the mules involved; that Castle made default, and the mules were taken possession of by the bank, which sold the same at auction; that at the sale plaintiff purchased the mules, paying therefor the sum of $340; that H. E. Green, as representative of the bank, was present and assisted the auctioneer, and received the proceeds; that before plaintiff purchased the mules he noticed a slight abrasion upon one of the legs of one of the mules,

Cochran v. Bank of Tuttle et al.

and upon inquiring of the auctioneer was informed the injury was slight and not of consequence, and if there was anything the matter with the mules, or if they were not sound in every respect, he could take them to the Bank of Tuttle and get his money back; that the cashier of the said bank was present and heard the warranty so made, made no denial thereof, nor of the authority of the auctioneer to make the same, and that plaintiff understood from the words of the auctioneer that it was the defendant bank which made this warranty; that he relied upon the same, and bought the mules because thereof; that the said mule became worse, and was rendered worthless, resulting in plaintiff's damage. On trial before a jury, the court at the conclusion of the evidence instructed a verdict in favor of the defendants, which was accordingly returned. Judgment of dismissal was rendered thereon, and the action has been duly lodged in this court for review.

Plaintiff's first assignment of error is that the court erred in refusing to permit certain witnesses to testify to the contents of a document by which Castle, the former owner of the mules, had assigned the same to the defendant bank. The objection was that no showing had been made that the instrument had been lost or destroyed, or that a diligent search had been made therefor. This objection is predicated upon the well-recognized rule that, where a party offers secondary evidence of the contents of a writing, he must show that the same is lost, and that he has in good faith exhausted in a reasonable degree all the sources of information and means of discovery which the nature of the case would naturally suggest and which are accessible to him. 17 Cyc. 542, and authorities cited under note 74; 2 Encyc. Evidence, pp. 334, 335; *Richardson et al. v. Fellner et al.,* 9 Okla. 513, 60 Pac. 270; *Johnson et al. v. Mathews,* 5 Kan. 118; *Boulden v. State,* 102 Ala. 78, 15 South. 341; *Simpson & Co. v. Dall,* 3 Wall. 460, 18 L. Ed. 265. But in the case at bar it is made to appear that counsel for plaintiff, prior to the time when the case was called for trial, asked the defendant H. E. Green, who it appears was cashier of the bank, his codefendant, in reference to the document referred to, and he at that time informed counsel that the same was lost. Under these circumstances the doctrine above

announced, requiring proof of loss and the search, does not appear to apply; the rule being that where the adverse party is the custodian, and shown to have been last in possession of the document and admits that the same is lost, there is then no longer any reason for the rule, and no other accounting for its loss is required, nor it is necessary to give notice to produce the original. The object of the rule requiring search is to prevent a party to an action from perpetrating a fraud upon his adversary by withholding documents and writings which, if produced, would not support his contention. See 2 Elliott on Evidence, sec. 1472; *Bertenshaw v. Laney*, 77 Kan. 497, 94 Pac. 805; *Rhode et al. v. McLean*, 101 Ill. 467; *Cooper v. Maddan*, 6 Ala. 431; *Barmby v. Plummer*, 29 Neb. 64, 45 N. W. 277.

The second assignment, growing out of an incident on the introduction of evidence which is not likely to occur on a second trial, needs no discussion.

The judgment of the trial court is accordingly reversed, and the cause remanded for a new trial.

All the Justices concur.