GEORGE ERLINGER *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1.  BONDS — *conditions in part void and in part valid.*  At common law the conditions of a bond may be in part void and in part valid, if they are severable one from another, and the same rule applies to statutory bonds, where the statute is silent as to the effect of a departure from the statutory form.   If the valid and void conditions are incapable of severance, the bond would be wholly bad.

2.  BASTARDY BOND.  The court will not reverse a judgment rendered in favor of the people upon a bastardy bond, because the suit was brought to the use of the mother of the illegitimate child.   The judgment simply determines the liability of the obligors in the bond to the People of the State of Illinois.

3.  ERROR — *what not assignable for.*  Where the judgment in a suit on a bond given, in a prosecution for bastardy, to secure the appearance of the obligor at the Circuit Court, was for $600, the penalty of the bond, to be discharged on the payment of $500, damages and costs:  *Held,* That if the latter part of the judgment was an error, it was one of which the defendant could not complain, being for his benefit.

APPEAL from the Circuit Court of the county of St. Clair; the Hon. J. GILLESPIE, Judge, presiding.

This was an action of debt, commenced at the June term, 1863, in the name of the people against the appellants, upon a

bond given before a justice of the peace, in a prosecution for bastardy, to secure the attendance of one of the obligors at the Circuit Court. Upon demurrer to the declaration, the court below gave judgment for the plaintiff for $600, the penalty of the bond, to be discharged on the payment of $500, damages and costs. The questions raised by the appellants are stated in the opinion of the court.

Mr. W. H. UNDERWOOD, for the Appellants.

Mr. J. B. UNDERWOOD, for the Appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of debt against the appellants, upon a bastardy bond entered into before a justice of the peace, by George Erlinger as principal, and Joseph Erlinger as security. The appellants demurred to the declaration; the demurrer was overruled, and final judgment was entered for the amount of the bond. The appellants now assign as error the overruling of the demurrer, and the rendition of the judgment.

The point most vigorously urged upon the argument, by the counsel for the appellants, was this, that the obligation sued upon was involuntary, and that it contains conditions not authorized by the statute, and is therefore void. The conditions were as follows: "If the said George Erlinger shall personally be and appear before the said Circuit Court, held as aforesaid, on the first day thereof, and from day to day thereafter until discharged by order of said Circuit Court, then and there to answer to the People of the State of Illinois on said charge of bastardy aforesaid, and abide the order and judgment of said Circuit Court in the premises, and not depart the said Circuit Court without leave, then and in that case the said written recognizance to be void, otherwise to remain in full force and virtue." The language of the statute is, "if the said justice shall be of opinion that sufficient cause appears, it shall be his duty to bind the person so accused in bond, with suffi-

cient and good security, to appear at the next Circuit Court to be holden for said county, to answer to such charge."

It is not necessary to consider whether the conditions of this bond are substantially variant from those required by the statute. The declaration assigns several breaches. One of them is upon that part of the conditions which is admitted to conform to the statute. The question then is, whether, upon the hypothesis that the bond contains conditions not authorized by the statute, this would vitiate the entire instrument. We are of opinion that it would not. The cases cited by the counsel for the appellants upon this point were all, with one exception, decided upon the force of statutes expressly declaring void all involuntary bonds which should not conform to the statutes by virtue of which they might be taken. The exceptional case is 1 S. Car. Con. Rep. 459. It is very brief, the court merely holding the bond before them invalid, without reference to any authorities, or devoting more than a few lines to the consideration of the case. A directly contrary doctrine is held in the same State in a later and very maturely considered case. *Anderson* v. *Foster*, 2 Bailey, 501.

It is perfectly well settled that, at common law, the conditions of a bond may be valid in part and void in part if they are severable one from another. It was so held in *Pigot's Case*, 11 Coke, 27. In *Newman* v. *Newman*, 4 Maul. & Selw. 70, Lord Ellenborough says : " Admitting the condition of this bond to be ill as to one part of it, it seems that it may be well as to the other parts, for you may separate, at the common law, the bad .from the good." This, then, being the rule of construction at common law, why should a different principle be applied to statutory bonds, in cases where the statute itself is silent as to the effect of a departure from the statutory form ? When the conditions are capable of severance, why should they not as well be severed in one class as the other, for the purpose of enforcing the valid portion ? It is no answer to say, that in the case of statutory bonds, like the one at bar, the obligor is acting under *duress*. So far as the bond is in compliance with the statute, he is acting only under such duress as the law pre-

scribes.  So far as it is not in compliance with the statute, it is void, and he is not injured.  If the valid and void portions were incapable of severance, the bond would, unquestionably, be wholly bad.  But where the conditions are distinct, we are unable to see how the obligor is so injured by what is merely void, that he can call upon us to protect him against what is valid, upon the ground that he acted under duress in reference to that portion which is mere waste paper, and has no legal existence.  The rule we here adopt is in accordance with the general current of authorities in this country, although there is some slight conflict in the cases.  The decisions upon this question are very ably reviewed in the case of the *United States* v. *Brown,* Gilpin's Rep. 178.  See also *Vroom* v. *Ex'r of Smith,* 2 Green, N. J. 480, and *Commonwealth* v. *Pearce,* 7 Monr. 317 ; also case above cited in 2 Bailey.

It is urged by the appellants that this suit should have been brought for the benefit of the county judge, to the use of the infant child, instead of for the benefit of the mother.  This suit simply determines the liability of the obligors in this bond to the people of the State of Illinois.  Neither the rights of the county judge, nor of any other person, in reference to the money recovered, are affected by it.

The instrument sued upon is called in the declaration a recognizance, and certain errors are assigned upon the theory that it is so.  In truth, however, it is a bond.  An error in the appellation does not close the eyes of the court to the real character of the instrument.

An error is assigned upon the form of the judgment, which was for $600, the penalty of the bond, to be discharged on payment of $500, damages and costs.  The appellants contend that the judgment should have been allowed to stand as security for the payment of $50 per annum.  Perhaps there would have been no objection to this order, but it was not obligatory upon the court to make it.  This bond was given, not for the support of the child, but to secure the appearance of the obligor at court.

If the order allowing the judgment for $600 to be satisfied

by the payment of $500 damages, be an error, it is not one of which the appellants can complain, as it is for their benefit.

We find no error in the record, and the judgment is affirmed.

*Judgment affirmed.*