## THE STATE OF NEW JERSEY v. GEORGE SUCH.

1. A bond given in a bastardy proceeding to indemnify townships against expenses for the education as well as for the birth and maintenance of the bastard, does not contain a condition more onerous than that required by the statute. Education may be included in the duty to support.

2. If the condition for indemnity against expense of education was extra-statutory, it would not affect that part of the condition respecting the maintenance of the child, which is a separable part.

3. A bond given by one in custody under a commitment made by the Court of Quarter Sessions in a bastardy proceeding, in a penal amount not fixed by the court, but which amount the party had not requested the court to fix, is good, though the sheriff refused to release the party unless such bond was given.

4. The death of the father does not relieve the sureties upon the bond from liability for the payment of the sums accruing subsequent to the date of such death under the order of filiation.

On motion to strike out pleas.

The pleas were filed in answer to a declaration in an action upon a bond given in a bastardy proceeding. The declaration states that one Thomas Carpenter was, by a Court of Quarter Sessions, adjudged guilty of being the father of a bastard child; whereupon the court made an order of filiation to the effect that said Carpenter should pay, or cause to be paid, to the overseers of the poor, the sum of $1.50 weekly, as well as for the better relief of the township as for the sustenance and relief of said child, for so long a time as the child should be chargeable to said township, in case said mother should nurse and take care of such child.

That said Carpenter, with the defendant, did jointly and severally enter into a bond in the sum of $1,000, with the condition that if the said Carpenter should obey said order, and should indemnify and save harmless the said townships which might or should have incurred any cost or expense, and which should thereafter incur any cost or expense by reason of the birth, education or maintenance of said bastard child or its mother during confinement, &c., then this bond to be void.

It then sets out the breach of the conditions.

The first special plea is filed in answer to the alleged breach of the condition to indemnify, by reason of the defendant's not having indemnified and saved harmless the said township of Woodbridge.

It in substance sets up that at the time the bond was given, said Carpenter had been arrested and was in the custody of the sheriff of Middlesex county by virtue of a commitment to the county jail, made by the Quarter Sessions, after making the order of filiation.   That said sheriff, by color of his office and of the statute in such case provided, unlawfully exacted and required that before the said Carpenter should be discharged from such imprisonment, and as a condition precedent to such discharge, that the said Carpenter should give bond to the plaintiff, with sufficient surety, in the sum of $1,000, with the condition set forth, among other things, for saving the township harmless in respect of the education of the child.   That being unable otherwise to secure the release of said Carpenter, he, as surety, made with Carpenter the bond, and delivered the same as their deed to the said sheriff for ease and favor to the said Carpenter.

The second special plea is to the entire declaration.   It sets up the same facts in respect to the arrest and order of filiation and then the additional circumstance, namely, that although the said court did not order or direct in what amount the bond should be given by said Carpenter, in order that he might be discharged from such arrest and imprisonment, pursuant to the statute in such case made and provided, the said sheriff, by color of his office, &c.   It omits the charge that the bond was given in ease and favor of the said Carpenter.

The third special plea sets up that Carpenter, up to the time of his death, paid weekly the sum fixed by the order and obeyed in all things the order of filiation.   It further sets up that the township of Woodbridge has not been damnified nor forced to pay any money about the birth, education or maintenance of the said child.

The motion is to strike out the three special pleas.

Argued at November Term, 1890, before Justices KNAPP and REED.

For the motion, *John W. Beekman.*

· *Contra, Alan H. Strong.*

The opinion of the court was delivered by

REED, J. The only ground upon which the first of these special pleas has any claim to consideration is, that the bond in suit is a statutory bond containing a condition more oner-ous than the one required by the statute.

The statute (*Rev., p.* 72, § 12) requires a bond to indemnify the townships against costs and expenses incurred for the support of the child.

The point made is, that the costs of education, against which the condition of the present bond contains an indemnity, is not included in the expenses for supporting the child.

I cannot concur in this view of the relation of the two words. The word "support," like most words, has a variety of meanings. One of the illustrative examples of its use, given by Webster, is to support a student at college.

The use of the word "support," in the present Bastardy act, was meant to include the performance of all those duties which are due from a father to a child, and which the public may be called upon to execute in case of the father's default.

It includes those services on behalf of the infant, against the expenses for which, in the entire history of the bastardy statutes, the father has been compelled to indemnify the parish or the township. Education is one of the duties owing to the child. In all the indemnity bonds under the English statute, as well as under ours, the condition is in the form used in the present bond. It appears in 1 *Burn's Justice, p.* 223, and in the form books in use in this state, from *Griffith's Justice* down. It would have been more orderly to have couched the condition in the language of the statute, but it is not void although in other words, unless the duty imposed is aside from the statutory duty. The duty to support in-cludes a degree of instruction suitable to the age and con-dition of the child. This view is strengthened by reference to section 28 of the act (*Rev., p.* 75), where the purposes for

which money, arising from the sale of the property of absconding fathers, may be used, are specified.

Such was the view of the Supreme Court of Pennsylvania, as expressed in the case of *Helling's Exrs.* v. *Directors of Poor*, 15 *Penna. St.* 409. The bond required by their act was to perform the order of the court for the maintenance of the child. The bond given contained a condition to save harmless from expenses which might happen by reason of the birth, maintenance or education. The last subject was held to be within the terms of the statute. But aside from this view of the meaning of the word "support," I think the plea is defective. For if we should concede that the condition is void, so far as it indemnifies against any expenses incurred in the education of the child, yet that circumstance would furnish no answer to that part of the condition relating to the maintenance of the infant.

The former is clearly a separable part of the condition, and no principle is established on firmer ground than this, that the bond, although containing extra-statutory conditions, is, nevertheless, good as to those separable conditions which are within the statute. *Pigott's Case*, 11 *Rep.* 27 ; *Newman* v. *Newman*, 4 *Mau. & Sel.* 70 ; *Erlinger* v. *People*, 36 *Ill.* 458.

I do not perceive that the statement that the bond was given for ease and favor of Carpenter has any significance. The bond was not made to the sheriff, nor to any one for his benefit, nor as an indemnity for an abuse of his official duty in favor of the prisoner.

The second special plea is framed in substantially the same language as the preceding. It contains an additional statement that the Court of Quarter Sessions did not order or direct in what amount the bond should be given, and it omits the statement that the bond was given for ease and favor of Carpenter.

The force of the statement that the court did not fix the amount of the penalty of the bond is discovered on referring to the Bastardy act. The statute requires that the person charged, if the decision is against him, pay all the costs and

expenses which the court shall adjudge to be paid by him forthwith, and that he shall enter into a bond to the State of New Jersey in such amount as the court shall order, with approved surety or sureties. In default, he is committed until he pays the expenses and executes the bond aforesaid.

The gist of this plea is, that the sheriff compelled Carpenter to give a bond, the amount of the penalty in which was not fixed by the court.

Now, the most favorable view which can be taken of the situation of defendant at the time he executed this bond is, that Carpenter was illegally imprisoned, and so, by the duress of such imprisonment, the defendant was compelled to execute this bond. But this is no answer. *Wallace* v. *Bordentown,* 21 *Vroom* 13.

There was, however, no duress. If Carpenter chose to execute the bond without asking the court to fix the amount of the penalty, its execution was a voluntary act. In the language of Mr. Justice Parker, in *Davis* v. *State,* 18 *Vroom* 341, " the prosecution was not required to ask the court to fix the amount of the penalty of the new bond, or to apply to have the bond approved by the court. It was the duty of the defendants to have that done."

The counsel for the defendant insisted that the facts pleaded did not show duress, but did show a species of extortion contrary to public policy, distinguishable from duress, and which avoided the bond, both in respect of the surety as well as the principal.

There is a class of cases cited by Mr. Brandt in his work on *Suretyship,* under section 443, which holds that a bond extorted from an appointed or elected officer, with a condition in excess of the statutory requirements, as a condition precedent to his being permitted to enter upon the duties of the office, is void as to all the obligors.

*Nottingham* v. *Giles,* 1 *Penn.* 120, is a specimen of this class of cases.

Then there is a class of cases which includes bonds given to an officer, or to some one for his benefit, as an indemnity

against the consequences of his breach of some official duty, or of his execution of some illegal act.

Of this class are *Purple* v. *Purple,* 5 *Pick.* 226 ; *Churchhill* v. *Perkins,* 5 *Mass.* 541 ; *Winter* v. *Kinney,* 1 *N. Y.* 365.

The present bond is not brought within either of these classes by anything set forth in these pleas. There is no duress or extortion shown by coercing a bond with an excessive penalty. Nor was its execution in any way subversive of any rule of public policy.

The bond was given to the state to indemnify a township in respect of a matter within the letter and spirit of the Bastardy acts.

The third plea is framed upon the assumption that the order of filiation was spent upon the death of Carpenter. The view of the pleader is, that while that portion of the condition which is for indemnity survives, the other part of the condition for the performance of the order of filiation is performed if the weekly sum fixed by such order was paid up to the time of Carpenter's death.

The form of the plea is based obviously upon a remark in 1 *Burn's Justice, p.* 188, to the effect, that while a mere order by the justices is more easily enforceable than a bond, on the other hand a bond will bind a man's executors, but the order of the justices being obligatory only upon the man himself, when he dies the order dieth with him.

This only means that the order, as such, becomes unenforceable upon the death of the father, because there is no one to punish for its disobedience.

A bond, however, by the father, with or without sureties, with condition to perform the order, stands upon quite different ground.

If the order is to do some act, or series of acts, which may reach beyond the life of the obligor, his death does not terminate the obligation.

The death of Carpenter did not relieve the defendant from an obligation to see that the money was paid according to the terms of the order.

I am of opinion that each of the three special pleas should be struck out.