THE PHENIX INSURANCE COMPANY

V.

FRANK STILL.

| 43 | 233 |
| 79 | 373 |

*Negotiable Instruments—Note—Insurance Premium.*

In an action brought by an insurance company to recover upon a note
given for a premium, the defendant contending that the application mis-
described the location of the property insured, and that he had never
received the policies, this court holds that the verdict for the defendant was
against the law and the evidence, and that the same can not stand.

[Opinion filed April 4, 1892.]

APPEAL from the Circuit Court of Pope County; the Hon.
O. A. HARKER, Judge, presiding.

Mr. W. S. MORRIS, for appellant.

Mr. THOMAS H. SHERIDAN, for appellee.

*Per Curiam.* This suit was brought upon a note given by
the appellee for the premium on two insurance policies. The
appellee interposed the defenses that the application for
insurance misdescribed the location of his property in this,
that it was described as being in town 14, instead of town
13, range 5, and that he had not received the policies of in-
surance. On the trial below, before a jury, a verdict was
rendered in favor of appellee, which was sustained by the
court, and judgment entered on the verdict, from which this
appeal was taken, and the error assigned is, that the verdict
and judgment were contrary to the law and the evidence.
It appears from the evidence that at the time appellee
signed the note in suit, he also signed the application for
insurance and looked it over, but made no objection as to the
misdescription of the location of his property. He told the
agent that he wanted the insurance on the property that he
owned, and doubtless furnished the description that was written
in the application. It further appears that the application was

approved and the policies were issued thereon which were inclosed in an envelope properly addressed and mailed to the appellee. If he did not get them, he never notified the company or its agent of that fact although he was notified sixty days before, and thirty days after the note was due, to pay it. The company could not hold his note and at the same time claim that his property was net insured. Had his property burned or been destroyed by the elements, against the danger of which he had obtained insurance, he could have recovered his loss from the company to the extent of his insurance. If the appellee's property was insured, then it follows that the consideration of the note had not failed. The court below so in effect instructed the jury. The verdict is manifestly against the law and the evidence, and a new trial should have been awarded. Judgment is reversed and the cause remanded.

*Reversed and remanded.*