### R. W. Kempshall and J. E. Keene v. Emma B. Vedder.

1. EVIDENCE—*Parol Contemporaneous Agreements.*—The terms of a written contract can not be varied by a parol contemporaneous agreement.

2. CONSIDERATIONS—*Premium Notes.*—The fact that the failure to

pay a premium note renders a policy void does not affect the consideration for which the note was given.

**Assumpsit,** on a promissory note.  Trial in the County Court of Schuyler County, on appeal from a justice of the peace.  Finding and judgment for defendant.  Appeal by plaintiff.  Heard in this court at the May term, 1898.  Reversed and remanded.  Opinion filed December 2, 1898.

B. O. WILLARD, attorney for appellants.

GLASS & BOTTENBERG, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This suit was commenced by the appellants against the appellee before a police magistrate of Schuyler county, and from his judgment an appeal was taken to the County Court of that county, where the case was tried without a jury by consent of the parties, and that court found for the appellee and gave judgment against the appellants for costs.  They bring the case to this court by appeal and insist that the trial court admitted improper evidence for the appellee, improperly refused to sustain appellant's motion to strike the testimony of the witness Fred Vedder from the record, and that the finding and judgment of the court is contrary to the law and the evidence.

The evidence shows that the appellee procured from the Ætna Life Insurance Company of Hartford, Connecticut, a policy of insurance for $1,500 upon her life, which, by its terms, was to become void upon her failure to pay the annual premium thereon of $62.72, the first on April 5, 1897, and a like amount each year.  When she procured this policy to be issued she paid cash $8.23, and gave her promissory note to the appellants (by the name and style of P. W. Kempshall & Co.), the general agents of the company, at Peoria, Illinois, for $62.72, due April 6, 1897, which cash and note represented premium and policy from November 24, 1896, to April 5, 1898.  The policy was delivered to her

on or about November 24, 1896. About March 26, 1897, the note was sent to a bank at Rushville, Illinois, where the appellee lived, for collection; she at that time was in Florida, where she remained until after the note became due, and was by the bank notified to pay the same, but refused to do so, claiming that when she gave the note it was verbally agreed that if when the note was due she did not then care to continue her insurance any longer, she need not pay it. The note was by its terms an unconditional promise to pay $62.72 on April 6, 1897. The suit was commenced June 7, 1897. On the trial in the County Court the appellants offered the note in evidence and rested; the appellee then testified that Mr. Roseberry, an agent of the Ætna Life Insurance Company, in the fall of 1896, called at her store in Rushville, Illinois, and solicited her to insure in his company, and she did apply for the policy and paid him cash $8.23, and gave the note sued on; that the cash paid the premium to April 5, 1897, and the note was for the premium from April 5, 1897, to April 5, 1898; that when she gave the note Roseberry told her " when the note fell due, if she did not desire to carry the insurance any longer she could drop it and would not have to pay the note; " that it was his representations that induced her to sign the note and she relied on it. She also introduced Fred Vedder as a witness, who testified that he was a clerk in appellant's store at Rushville, Illinois; that he was present when the note was signed and heard a part of a conversation then had between the appellee and Mr. Roseberry, in which she said to him, " Now, Mr. Roseberry, if I don't see fit to carry this insurance any longer than the first of April, do I understand there will be no more expense ? " And Mr. Roseberry then said, " No, madam, there will be nothing more." The defendant then offered in evidence Policy No. 248352, of the Ætna Life Insurance Company, dated April 5, 1897, insuring the life of the appellee for $1,500, she to pay $62.72 on April 5, 1897, and a like amount on each fifth day of April thereafter for twenty years; also form No. 122, attached to the policy, and which was as follows, viz.:

' "Form No. 122.

Hartford, Conn., Nov. 24th, 1896.

In consideration of the advance payment of eight and 23-100 dollars, under policy No. 248352, on the life of Mrs. Emma B. Vedder, temporary insurance, subject to the conditions of said policy, shall commence when the same is delivered and shall cover the term intervening between said delivery and five o'clock P. M. of the date of said policy, when if the regular premium required by the policy is not paid the insurance will cease. Said advance payment shall be regarded as the first premium named in section 5 of said policy for the temporary insurance described above only, but shall not be considered in determining any value or benefit to be derived from said policy after the date of the same and in any event of any claim arising by reason of death of the insured prior to the date of said policy, one full year's premium shall be deducted from the amount otherwise due and payable by the company.

J. L. English, Sec'y."

Section 5 of the policy is as follows, viz.:

"This policy shall not take effect until the first premium hereon as described in form No. 122, attached hereto, shall have been actually paid, during the lifetime and good health of the insured, and within sixty days from November 24th, 1896 (a receipt for which payment shall be the delivery of this policy), and if any subsequent premium be not paid when due during the lifetime of said insured, then this policy shall cease and determine, except as provided in sections 3 and 8; and no premium on this policy shall be considered paid unless a receipt shall be given therefor, signed by an executive officer of said company."

The appellee also stated in her evidence that she kept the policy from the time she received it in November, 1896, until the trial before the police magistrate, and never during that time tried to get it canceled.

The appellants then introduced Mr. Roseberry, who wrote the insurance on the life of the appellee, and he testified that no such statement or representation was made by him as testified to by the appellee, nor did the appellee and he have the conversation testified to by the witness, Fred Vedder, in which the appellee said to him, " Now Mr. Roseberry, if I don't see fit to carry this insurance any longer than the first of April, do I understand there will be no

more expense ? " and that he did not then say, " No, madam, there will be nothing more." The bill of exceptions shows that when the appellee was asked as a witness the question which brought from her the answer in which she claimed that when she gave the note Roseberry told her " that when the note fell due, if she did not desire to carry the insurance any longer, she could drop it, and would not have to pay the note, that it was his representation that induced her to sign the note, and she relied upon it," the appellants objected to the question because it called for a parol contemporaneous agreement to vary the written terms of the note sued upon, but the court overruled the objection and the appellants excepted. A like objection, ruling and exception were made to the questions put to the witness Fred Vedder, which elicited his testimony on the conversation he heard between appellee and Roseberry, when the note was given; and the appellants also moved the court to strike from the record the evidence of the witness Fred Vedder for the reason that it was an attempt to show that the appellants and appellee made a parol contemporaneous agreement which varied the express terms of the note sued on, but the court overruled the motion and the appellants excepted.

We are satisfied that the court improperly admitted this testimony of appellee and her witness Fred Vedder concerning the parol agreement she claimed was made by the agent, Roseberry, and her, when she gave the note sued on, as it thereby clearly violated the well established rule of evidence that the terms of a written contract can not be varied by a parol contemporaneous agreement. Foy v. Blackstone 31 Ill. 538.

The appellee by her counsel insist that inasmuch as the policy and form No. 122, attached thereto, provide that the failure to pay the premium, due on April 5, 1896, made the policy void, etc., that hence the consideration for which the note was given thereby failed, while the appellants, by their counsel, insist that these provisions in the policy, and form No. 122 attached, making the policy void for non-payment of the premium when due, were placed there for sole

benefit of the appellants and to enable the insurance company to enforce the payment of the premium; and that the prompt payment of the premium when due was in this case waived by the company when the appellants, as its general agents, took the note for the premium, issued the policy and undertook to collect the note in the manner they did.

We are satisfied there is no merit in the contention of the appellants, but that the contention of the appellee is fully sustained by authority, and that to permit the appellee to take advantage of her default in the payment of this note when due, and to set up a failure of the consideration of the note, because her own default made the policy void for want of payment of premium when due, against the express wish of the insurance company, would be to enable her to take advantage of her own wrong. In the case of Paris Mason v. John R. Cadwell, 5 Gilman (Ill.) 204, the court, by Justice Caton, says : " The first question depends upon the proper construction to be given to the concluding clause of the bond set out in the pleas.   That is as follows :   ' But should the said John R. Caldwell, or assigns, fail to pay the said sum of money specified in said notes, within ten days after the same become due, he hereby forfeits all claims to said lots and all moneys paid thereon, and this bond, in such event, shall be void, both in law and equity, and the title to said lots shall continue in the original proprietor, as if no sale had been made.'   The defendant contends he can take advantage of this clause, and it is insisted that because he did not pay the money as he agreed to do, he is exonerated from paying it at all.   It is argued that because the obligee, in the event of non-payment, may treat the bond as determined, mutuality requires that the obligor shall have the same privilege. This argument refutes itself.   It is as much a *felo de se*, as it would make the bond.   To admit the defendant's position is to leave everything in his own hands."   See also The Chicago Life Ins. Co. v. Warner, 80 Ill. 410, The Germania Fire Ins. Co. v. Klewer, 129 Ill. 599, and Phenix Ins. Co. v. Still, 43 Ill. App. 233.

We are therefore of the opinion that the finding and judg-

ment of the County Court in this case is contrary to the law and the evidence; hence we reverse its judgment and remand the case to that court for a new trial therein. Judgment reversed and case remanded.