DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1909.

---

## Mutual Loan & Savings Association, Appellee, v. E. R. Borden, Appellant.

1. HOMESTEAD LOAN ASSOCIATIONS—*power to sue for installments due on stock.* Held, under the contract in evidence in this case, that a homestead loan association had power to sue and recover installment payments upon stock subscribed for by the defendant member.

2. CONTRACTS—*when ultra vires provisions do not render entire contract void.* If a homestead loan association has power to deal with respect to the subject-matter of the contract in question and generally to do the things provided for therein, the fact that some of the details of such contract are not in accordance with the provisions of the statute will not render the entire contract void if the provisions that are illegal or which such association has no power to enforce may be separated from other parts of the contract and rejected.

Assumpsit. Appeal from the Circuit Court of Cass county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed December 15, 1909.

R. R. HEWITT and A. A. LEEPER, for appellants.

MILTON McCLURE, for appellee.

PER CURIAM. This is an action in assumpsit by the Mutual Loan and Savings Association, appellee, against E. R. Borden, appellant. The declaration alleges that the plaintiff is a building, loan and home-

(107)

stead association incorporated under the laws of Illinois, and on February 5, 1907, it entered into a written contract with the defendant, as follows:

"In consideration of his agreement to pledge the stock, and to pay the dues and interest as herein agreed, the undersigned, the Mutual Loan and Savings Association, of Beardstown, Illinois, acting by and through its president and secretary, J. D. Nicholson and T. K. Condit, respectively, hereby agrees to sell and convey by good and sufficient conveyance to E. R. Borden the following described real estate, for the consideration of twenty-seven hundred and fifty dollars ($2750) viz.:

"Lot five in Block sixty-seven in the School Commissioners addition to the town (now city) of Beardstown, in Cass county, Illinois.

"The said association hereby acknowledges the receipt of fifty dollars of said purchase price, the sum yet to be paid being twenty-seven hundred dollars.

"The said E. R. Borden hereby agrees to purchase said real estate for the price stated, said balance of the consideration to be paid in the manner following: The said purchaser hereby subscribes for twenty-seven shares of stock in said Mutual Loan and Savings Association, which he agrees to assign, and which he hereby pledges to said association to serve as security for the said unpaid balance of said purchase price. The said Borden agrees that he will monthly pay to said association, beginning with the month of January, A. D. 1907, the sum of twenty-seven dollars on account of said stock, thirteen and one-half dollars of which is to be a credit on said stock as dues, and thirteen and one-half dollars of said payment to be taken and received by said association as the monthly interest on said unpaid purchase price. And the said E. R. Borden hereby agrees to continue said payments on or before the 15th day of each calendar month from and including the month of January, A. D. 1907, until said twenty-seven shares of stock so pledged by him to said association, shall become mature, under the rules and regulations of said association and of the par value of one hundred dollars per share, at which time,

THIRD DISTRICT—DECEMBER, 1909.    109

Mutual Loan & Savings Association v. Borden, 152 Ill. App. 107.

it is hereby agreed that said twenty-seven shares of stock shall be cancelled and the said association shall then immediately execute and deliver to said Borden, his heirs or assigns, a good and sufficient conveyance of said real estate, vesting the fee simple title thereof in said Borden, his heirs or assigns, free and clear of all encumbrances and liens, except said unpaid taxes for the year 1907 and subsequent years.

"It is agreed that the said Borden shall go into the immediate possession of said premises, under this contract, and that he shall be entitled to the rents and profits thereof, being required to pay said monthly installments of twenty-seven dollars as aforesaid, and that said Borden shall pay all taxes on said premises for the year A. D. 1907, and subsequent years, and that he shall keep the buildings on said lot duly insured for the benefit and in the name of said association for such reasonable sum as shall be required by the association and that he shall at all times, and at his own expense, keep the buildings on said lot in a reasonably good state of repair.

"And it is further agreed that in case the said Borden, his heirs or assigns, shall fail for two consecutive months to pay said sum of twenty-seven dollars to said association, that then this contract shall be forfeited, and in such case said association shall have the right to immediate possession of said lot and premises without further notice or demand. And in case of such forfeiture all the money paid by said Borden, his heirs or assigns, on account of said twenty-seven shares of stock, shall belong to said association as rent for the use and occupation of said premises, and as its liquidated damages and the stock so pledged to the association as collateral security as aforesaid, shall also, in case of such forfeiture, belong to said association, and may be by it canceled.

"It is further agreed that a failure to pay the taxes on said real estate, or to keep the buildings and improvements thereon in a reasonably good state of repair, by the said Borden and at his own expense, shall likewise cause a forfeiture of this contract, the same as for the non-payment of dues and interest as above promised."

110        APPELLATE COURTS OF ILLINOIS.

Mutual Loan & Savings Association v. Borden, 152 Ill. App. 107.

The declaration further alleges that the defendant entered into possession of said premises under said contract, and has ever since been in possession of the same, and enjoyed the rents and profits thereof; that the plaintiff became the owner of said premises as purchaser at a judicial sale resulting from the foreclosure of its own mortgage thereon against other persons; that by the terms of said contract the defendant became liable to pay to the plaintiff the sum of $27 per month until the maturity of the stock mentioned therein, and being so liable, the defendant in consideration thereof promised the plaintiff to pay to it the said sum of money; and that the defendant did pay the plaintiff said sum of $27 per month until June 1, 1908, since which date the defendant has not paid any further installments but has wholly refused to pay the same.

To this declaration the defendant interposed a general demurrer, which was overruled by the court, and the defendant electing to abide his demurrer, a hearing was had resulting in a judgment against the defendant for $243 and costs of suit.

It is urged on behalf of defendant that the contract in question is *ultra vires* the plaintiff corporation, and therefore, void, and the main ground relied upon in support of such position is that it violates the statute in providing a forfeiture of defendant's rights on failure to pay dues and interest for two successive months.

Section 13 of the act entitled "Homestead Loan Associations" expressly authorizes such associations to purchase real estate upon which they may have or hold any mortgage, lien or other encumbrance, and to sell such real estate so acquired at pleasure to any person or persons whomsoever. Rev. Stat. 1908, 549. Section 9 of the same act provides, that in case of non-payment of installments of interest and fines by borrowing stockholders for the space of six months, payment of principal and interest and fines, without deducting the premium paid or the interest thereon, may be en-

forced by proceedings against their securities according to law, upon the order of the board of directors. It is insisted by plaintiff that this is not a proceeding to declare a forfeiture under the contract and that it is not bound to resort to its remedy by forfeiture, but may elect to hold defendant liable upon the principal obligation to pay the monthly installments, and cites Mason v. Caldwell, 10 Ill. 196; Raymond v. Caton, 24 Ill. 123, and Kempshall v. Vedder, 79· Ill. App. 368, in support of such insistence, and it is further insisted that this is not a proceeding against the securities of the defendant, as a borrowing stockholder, if he may be properly so termed.

By this contract appellant agreed to pay appellee a certain sum each month and when these payments were fully completed according to the contract, the stock issued to appellant became matured, and would be of sufficient amount to pay for the property bought by the appellant, and instead of paying the value of this stock to appellant, the stock was to be cancelled and the money retained by the appellee for its property.

There is no pretense made that appellee was not empowered to sell this property on the plan here adopted. The only contention of appellant was that certain conditions and provisions named in this contract, which provided for a forfeiture of stock and payments made by appellee upon two months default in such payment, is illegal; that appellee had no power to make such provision and by reason of this provision the contract is *ultra vires,* and absolutely void and cannot be enforced against appellant. It cannot be and it is not contended that appellee had not the power to sell its stock as it did to appellant. Neither is it nor can it be contended that appellee had not the power to contract for the sale of its real estate. Therefore, the subject-matter of the contract and the power in appellee to make the contract, to issue stock and sell its real estate must be conceded, and the fact that some of the details for the execution of the contract

112    APPELLATE COURTS OF ILLINOIS.

Mutual Loan & Savings Association v. Borden, 152 Ill. App. 107.

may not be in accordance with the provisions of the statute will not render the entire contract void, if the provisions that are illegal, or which appellee has no power to enforce, may be separated from other parts of the contract and rejected.

In C., B & Q. R. R. Co. v. City of Aurora, 99 Ill 205, where it was sought to defeat the recovery on bonds issued by the city for the reason that the ordinance directing their issuance and a provision contained in the bond provided that the tax for the payment of the bonds should only be levied on property situated in the west division of the city, and that this provision was illegal and, therefore, the entire bond void, the court in its opinion says:

"But has a court the right, in the construction of these bonds, to disregard the conditions because taxes cannot be collected legally from property situated in the west division of the city? There are cases which hold that the conditions of a bond may be in part void and in part valid, if they are severable, one from another. If the valid and void conditions are incapable of severance, then the bond would be wholly bad. Such is Erlinger v. The People, 36 Ill. 458, cited by plaintiff. The same principle is announced in State v. Findley, 10 Ohio, 54, cited by plaintiff, where it was held, that a bond given by a county treasurer, the condition of which is that he shall faithfully and impartially discharge all the duties of the office, is a good statutory bond for so much as is prescribed by the statute and comprehended in the conditions, even though it be void for the residue. These cases do not, however, reach the question involved here. We do not doubt that at common law or under the statute, where a bond contains two conditions, one authorized by law and good, and the other unauthorized and bad, the latter may be disregarded and rejected, the others held good and the bond sustained".

This same doctrine is followed in the case of Corcoran v. Lehigh and Franklin Coal Co., 138 Ill. 39.

In its opinion the court quotes from Parsons on Contracts, as follows:

" 'A distinction must be taken between the cases in which the consideration is illegal in part, and those in which the promise founded on the consideration is illegal in part. If any part of a consideration is illegal the whole consideration is void, because public policy will not permit a party to enforce a promise which he has obtained by an illegal act or an illegal promise, although he may have connected with its act or promise another which is legal. But if one gives a good and valid consideration and thereupon another promises to do two things, one legal and the other illegal, he shall be held to do that which is legal, unless the two are so mingled and bound together that they cannot be separted, in which case the whole promise is void.' "

These authorities determine the question raised in this case on the question of the entire contract being void, and that portion relating to the forfeiture may be entirely disregarded. The statute under section 9, *supra,* contains the provisions under which a forfeiture might be declared.

Appellee was not bound to declare a forfeiture, but could proceed to enforce its contract as made with appellant and collect the payments provided therein to be made.

The trial court did not err in rendering its judgment in this case, and the judgment, therefore, is affirmed.

*Affirmed.*