AUGUST DITZEL, OVERSEER OF THE POOR OF THE TOWNSHIP OF CRANFORD, v. MORRIS B. BLOCK ET AL.

Submitted December 3, 1909—Decided February 21, 1910.

A bond to an overseer of the poor, given under section 24 of the act concerning disorderly persons (*Pamph. L.* 1903, *p.* 199), was conditioned for the performance of an order of the justice of the peace, requiring the husband to pay to his wife or to the overseer of the poor, $5 weekly, for the support of his wife. *Held,* that it did not impose upon the husband a more onerous burden than was justified, and, although it did not strictly comply with the statute, it was enforceable as a voluntary bond.

---

On appeal from Elizabeth District Court.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the plaintiff and respondent, *Berkeley C. Austin.*

For the defendant and appellant, *Abe J. David.*

The opinion of the court was delivered by

SWAYZE, J.   This is a suit upon a bond given by Morris B. Block and Morris Abrams to the overseer of the poor of the township of Cranford.   It recites an order made under the act concerning disorderly persons, adjudging that Block had neglected to take care of and provide for his wife, and that he pay or cause to be paid to his said wife or the overseer of the poor, the sum of $5 weekly, for and towards the support and relief of his said wife.   The condition of the bond is that if Block shall faithfully perform the order of the justice, the obligation is to be void.

Various objections were made at the trial and are now pressed before us, relating to the regularity of the proceedings before the justice, and it is argued that the bond does not set forth all the facts which are required to justify such an order.   It is a sufficient answer to say that the proceedings before the justice, and the original order, are not before us.   They were not necessarily involved in the suit upon the bond, and if they are erroneous, are properly to be corrected by *certiorari* for that purpose.   The statute does not require that the bond set forth all the proceedings before the justice, or the jurisdictional facts.   Section 24 of the act (*Pamph. L.* 1898, *p.* 949) as amended in 1903 (*Pamph. L., p.* 199), requires a bond to the overseer of the poor, to stand to and obey the order, and all that seems to be necessary is that the order should be sufficiently identified.   It must be presumed, in the absence of proof to the contrary, that the order was properly made, in a cause in which the justice had jurisdiction.   The recital of the order contained in the bond does, however, show that it was not in exact compliance with the statute.   The authority of the justice is to make an order requiring the defendant to pay such sum weekly to the overseer of the poor, for the support and maintenance of his

family, as to the magistrate may seem proper. *Pamph. L.* 1906, *p.* 654.

The order in this case required Block to pay to his wife or to the overseer of the poor, $5 weekly for the support of his wife. It has, however, been repeatedly settled by the adjudications of this court that in the absence of duress or other good defence, a bond will be sustained as a voluntary bond, although not in strict compliance with the statute, or although not authorized by the statute. *Sooy* ads. *State,* 9 *Vroom* 324 (at *p.* 328); *Ordinary* v. *Heishon,* 13 *Id.* 15; *Bordentown* v. *Wallace,* 21 *Id.* 13.

The latter case involved a bond given in bastardy proceedings, and it is therefore closely akin to the present case. The condition of the present bond, although not in strict accordance with the statute, evidently did not impose upon the defendant a more onerous burden than was justified. He was required to pay $5 for the support and relief of his wife, and instead of being obliged to pay it to the overseer of the poor, he might comply with the order by paying it directly to his wife, but it was still open to him, if he chose, to pay to the overseer of the poor. It was a mere option given to him as to the person to whom he should make payment.

Recovery upon a bond which differed still more seriously from the statute was justified by the opinion of this court in *State* v. *Such,* 24 *Vroom* 351, which involved a bond given in a bastardy proceeding, to indemnify the township against the expense of the education, as well as of the birth and maintenance, of the bastard.

There is nothing in the case to indicate that the bond was procured by duress or by misrepresentation.

The suggestion that judgment could not be entered against Block because he was not served with process is futile, in view of the provision of the act concerning obligations. *Gen. Stat., p.* 2336.

The judgment should be affirmed, with costs.