ANDREW T. THOMPSON *et al.*, Plaintiffs in Error, *v.* THE BOARD OF TRUSTEES OF TOWNSHIP SIXTEEN NORTH, RANGE THREE WEST OF THE THIRD PRINCIPAL MERIDIAN, for the use of said Township, Defendants in Error.

ERROR TO SANGAMON.

Township treasurers, under our statute, are made insurers of the funds coming to their possession, and nothing can relieve them from their obligation to safely keep and pay over such funds, but the act of God, or of the public enemy.

THE facts of this case are stated in the opinion.

W. H. HERNDON, for Plaintiffs in Error.

Cited, Story on Bailments, secs. 65 to 69, p. 398, 399; *Prescott's Case*, 3 Howard U. S. R. 578; 2 Kent, 560, 569, 571, 586, 588; 25 Wend. 440; 5 Iowa (Clark) 149; 17 Mass. 479.

STUART, EDWARDS & BROWN, for Defendants in Error.

BREESE, J. This was an action of debt brought in the Sangamon Circuit Court by the board of trustees of Township sixteen north, Range three west of the third principal meridian, against the plaintiffs in error, on the bond of Andrew T. Thompson, treasurer of that township, and the others as his sureties in the bond. The execution of the bond in the penalty of four thousand dollars, was admitted, and it was further admitted, that on the seventh day of April, 1860, school funds were in the possession of Thompson as sub-

treasurer, after making all proper deductions, to the amount of six hundred and eight dollars and eighty-five cents. It was alleged, but not admitted, that the funds were carefully placed by Thompson in an iron safe in the store occupied by Thompson, Groves and Company, in the town of Mechanicksburgh, in Sangamon county, where he deposited, for safe keeping, his own funds and papers; that the safe was carefully locked, and on or about the seventh or eight day of April, 1860, the money was stolen by some one unknown, and without the fault of Thompson.

Whilst the proof, in our judgment, fails to establish these facts, we will assume, for the purposes of this decision, that they do exist. The only question made is, as to the liability of the treasurer and his sureties, on these facts. It is contended by them, that they are not liable on the bond, as the bond does not oblige the treasurer safely to keep the moneys coming to his hands, but he is only liable as a bailee, and responsible only for want of ordinary care.

Section 55, of the act to establish and maintain a system of free schools, provides that the township treasurer shall, before entering upon his duties, execute a bond, with two or more freeholders, etc., as securities, payable to the board of the township for which he is appointed treasurer, etc., conditioned faithfully to perform all the duties of township treasurer, etc., according to law.

The condition of the bond is, that if the above bound township treasurer shall faithfully discharge all the duties of said office, according to the laws which are or may hereafter be in force, and shall deliver to his successor in office all moneys, books, papers, securities and property in his hands as such township treasurer, then the obligation to be void, etc. (Scates' Comp. 451.)

As it is gravely urged by the counsel for the plaintiffs in error, that the duties of township treasurer do not embrace keeing safely the moneys coming to his hands for the use of schools, it becomes necessary to examine the statute in that respect.

Section 56 provides, that the township treasurer shall pro-

vide himself with two well bound books, the one to be called a cash book, the other a loan book. He shall charge himself in the cash book with all money received, stating in the charge from whom, etc.; and shall credit himself with all moneys paid or loaned, the amount loaned, etc. He shall also enter, in separate accounts, moneys received and moneys paid out, charging the first to debit account, and crediting the latter as follows, to wit: 1, The principal of the township fund, when paid in, and when paid out; 2, The interest of the township fund, when received, and when paid out; 3, The common school fund, and other funds, when received from the school commissioners, and when paid out; 4, The taxes received from the county collector, etc.; 5, Donations received; 6, Moneys coming from all other sources, etc.

By section 62, the township treasurer is required to demand, receive and safely keep, according to law, all moneys, books and papers of every description belonging to his township.

By section 64, for any failure or refusal to perform all the duties of township treasurer as required by law, he shall be liable to an action on his bond, etc.

By section 72, he is allowed to retain two per cent. upon all sums paid out or loaned by him, except upon moneys raised by any district tax.

These citations, furnish a full answer to the point made by the counsel for the plaintiffs in error, and to his argument in support of it. The fact that the township treasurer is required to receive money, and enter it in his cash book, implies without any other special regulation, that he is to keep it, and being required to keep it, it follows he is to keep it safely. This is one of the duties of his office he has undertaken faithfully to discharge. Another duty, no less imperative, is, that he will deliver to his successor in office all moneys in his hands as such township treasurer, which he could not do, if he suffered it to be lost out of his hands, or it should be so lost by any accident. The undertaking is, that the money shall be in his hands. These duties he has undertaken to perform unconditionally. Besides all this, he is required,

by section 62, to receive and safely keep, according to law, all moneys, etc., belonging to the township.

We cannot discover a shade of difference between this, and the case of *United States* v. *Prescott*, 3 Howard, 578, cited by the counsel for the defendant in error. As in that case so here, is an undertaking safely to keep the money by the very force of the language of the condition of the bond, independent of the provisions of the sixty-second section.

In no sense, is this a case of bailment. The liability of the treasurer arises out of his official bond. He has made, by that bond, an express contract with the trustees, that he will keep safely the moneys which shall come to his hands. It is so "nominated in the bond," when that is read in the light of the statute prescribing his duties, and considerations of public policy forbid that he should be permitted to avail of any extraneous fact outside of the condition of the bond. The treasurer well knew and understood the contract he had entered into, and the extent of the obligation he had voluntarily incurred, and he has obtained all he contracted for—the possession of the office, with the emoluments attached to it.

We think there is no principle on which the defense can be sustained, the contract being absolute, without any condition, express or implied. In these days of remorseless peculation upon the public, by its functionaries, indeed, at all times, public policy demands, that depositaries of the public money should be held to the most rigid accountability, within the terms and scope of their covenants.

They know well, on assuming their positions, the hazards to which they are exposed, and they voluntarily assume the risks, and are paid for so doing. Township treasurers, under our statute, sections of which we have cited, are made insurers of the funds coming to their possession, and nothing should or can excuse them but the act of God, or of the public enemy. There would be no surety to the public, were not this the rule. A distinct and well defined liability is imposed on them by statute, and if it be not met to its fullest extent, the fact that the omission occurred, from misfeasance,

or negligence, or unavoidable accident, or by a felony committed by another, furnishes no defense to the action on the bond.

The counsel for the plaintiffs in error rely, with apparent confidence, on the case of *Ross, School Fund Commissioner,* v. *Hatch, County Treasurer,* reported in 5 Iowa, 150. We have examined that case, and it has impressed us with the conviction that if the treasurer's bond had contained the same condition which the bond in this case before us contains, an opinion would have been pronounced in accordance with that in *Prescott's Case.* Such is the tendency of the reasoning of the learned judge who delivered that opinion. The decision is placed distinctly upon the condition of the bond, and the liability of the treasurer measured by that; and as, by the condition of that bond, he was required to use only reasonable care and diligence in preserving and disposing of the moneys coming to his hands, he is, by the very terms of his undertaking, released from liability on showing this reasonable care and diligence. He has performed his undertaking, and no more could be demanded of him.

It is unnecessary to examine the cases of bailment, to which the plaintiffs' counsel has referred. This case not being of that class, no light could be shed upon it by them, how luminous soever they may be.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*