THE INHABITANTS OF THE TOWNSHIP OF NEW PROVI-
DENCE, IN THE COUNTY OF UNION, v. JOHN A. Mc-
EACHRON AND OTHERS.

It is no defence to a suit on a collector's bond, the breach being the non-
payment of moneys collected by him, that such moneys had been
feloniously stolen without fault on his part.

On demurrer to plea.

This was a suit on a bond of a township collector. One of
the breaches assigned was the non-payment of certain moneys
which had been collected by the officer. To this the defend-
ants pleaded that the collector, having the moneys in question
in his dwelling-house, the same were feloniously stolen there-
from, by burglars, " without any negligence, want of due care
or other blame or fault whatever on the part of the said col-
lector." This plea was demurred to.

For plaintiffs, *W. J. Magie* and *Thos. N. McCarter*.

For defendants, *C. Parker*

Cases cited by plaintiffs' counsel. *Muzzy* v. *Shattuck et al.*,
1 *Denio* 233 ; *Supervisors of Albany* v. *Dorr*, 7 *Hill* 584 ;
same case, 25 *Wendell* 439 ; *U. S.* v. *Prescott*, 3 *Howard* 578 ;
*U. S.* v. *Morgan*, 11 *Howard* 154 ; *U. S.* v. *Dashiell*, 4 *Wal-
lace* 182 ; *U. S.* v. *Furman*, 1 *Woodbury & Minot* 45 ; *Hal-
bert* v. *State*, 22 *Ind.* 125 ; *Thompson* v. *Board Trustees*, 30
*Ill.* 99 ; *Hancock* v. *Hazard*, 12 *Cush.* 112 ; 3 *Barr* 372 ;
*State* v. *Harper*, 6 *Ohio (State)* 607 ; *Inhabitants of Colerain*
v. *Bell*, 9 *Met.* 499.

Cases cited by defendants' counsel. *Lane* v. *Cotton*, 1 *Lord
Raymond* 646 ; *Whitfield* v. *Despencer*, *Cowper* 754 ; *Foster*
v. *Essex Bank*, 17 *Mass.* 479 ; *Butt* v. *Railway Co.*, 7 *E. L.
& E.* 448 ; *Burke* v. *Trevitt*, 1 *Mason* 96.

Defendants' counsel also referred to *Lewin on Trusts* 299; *Willis on Trustees* 85, 86, 194; *Story on Bailments*, §§ 621, 124, 88, and 23.

BEASLEY, CHIEF JUSTICE. The point presented for decision in this case is, whether a township collector who is sued on his bond for the non-payment of moneys collected by him, can set up as an excuse that such moneys had been feloniously taken from him, without fault on his part.

The argument for the defendants rested in the assumption that the township collector was to be regarded as a mere depositary of the public moneys, and that the only liabilities incurred were those which, in law, attach to such a bailment. From these propositions the conclusion was drawn that the officer in question can be made responsible only in the event of his own misconduct.

But it seems to me that these premises are not to be conceded. This is not a question of bailment, but a matter resting in special contract. These defendants have covenanted that this officer "shall truly and faithfully perform all the duties enjoined on him as collector of said township." The duties thus referred to are not those of a bailee, nor are they common law obligations, but are created and defined by statute. Among such duties, the act directs that the township collector "shall pay the moneys which he shall have received by virtue of any such assessment, to the county collector." 4 *Nix. Dig.* 941, *pl.* 24.* Now it is evident that this mandate is more severe than the law of bailments would ordain. The collector, by the exigency of the statute, must pay all the moneys "which he shall have received;" as bailee, his liability would be to account merely for the fund remaining to him after the deduction of unavoidable losses. The statutory duty is different then from the duty of the depositary; and it is for the performance of the former that this covenant obliges. The condition of this bond, read, as it must be read, in connection with the provision of the act above quoted is of the purport that the collector will pay

*Rev.*, p. 1144, § 24.

Inhabitants of New Providence v. McEachron et al.

over the moneys received by him in his official character. The obligation to do this is unconditional, and there is no principle on which a qualification can be arbitrarily annexed to it. The obligors have undertaken that the moneys received officially shall be paid in every event, how then can they now be permitted to insist on non-liability in case of an unblamable loss? The answer to such a position is that it is repugnant to their agreement. The obligation may be onerous, but they entered into it voluntarily, and nothing less than a strict fulfillment of its terms can, in law, be received as a performance. No legal defence is shown in this plea.

At the argument the principal authority relied on by the counsel of the defendants was that of *The Supervisors of the county of Albany* v. *Dorr et al.*, 25 *Wend.* 440 ; *S. C.*, 7 *Hill* 584. This case is certainly in point, but it has been overruled by *Muzzy* v. *Shattuck*, 1 *Den.* 233, which was subsequently affirmed in the Court of Errors. See 7 *Hill* 584, *note*. The authorities elsewhere appear to sustain, with unanimity, this latter result. *The U. S.* v. *Prescott et. al.*, 3 *How.* 578, is not distinguishable from the present. It was a suit on the official bond of a receiver of public moneys conditioned to keep safely the moneys collected by him, and the judgment was that a theft of the money, without fault on his part was no defence. This result is placed upon broad grounds. "Public policy," says the court, "requires that the depositary of the public money should be held to a strict accountability. Not only that he should exercise the highest degree of vigilance, but that he should 'keep safely' the moneys which come to his hands. Any relaxation of this condition would open a door to frauds which might be practiced with impunity. A depositary would have nothing more to do than to lay his plans and arrange his proofs, so as to establish his loss, without laches on his part. Let such a principle be applied to our postmasters, collectors of the customs, receivers of public moneys, and others who receive more or less of the public funds, and what losses might

not be anticipated by the public?" Nothing can be more apposite to the present case than these reasonings. For examples of practice in the same wholesome doctrine, the following decisions may be referred to : *U. S.* v. *Morgan et al.*, 11 *How.* 154; *U. S.* v. *Freeman*, 4 *Wall.* 182; 1 *W. & M.* 45; *The Inhabitants of Hancock* v. *Hazzard*, 12 *Cush.* 1¦2; *Halbert* v. *State*, 22 *Ind.* 125; *Thompson* v. *Board of Trustees, &c.*, 30 *Ill.* 99; *Com.* v. *Connelly*, 3 *Barr* 372; *State* v. *Harper*, 6 *Ohio* 607.

The plaintiffs are entitled to judgment.

DALRIMPLE, J. The single question arising upon this demurrer is, whether, to an action upon the official bond of a township collector, a plea that the identical moneys collected, and for non-payment of which the action is brought, were feloniously stolen, without any negligence or want of due care of the collector, is a good bar.

The condition of the bond is, that the collector shall truly and faithfully perform all the duties enjoined on him as collector of the township.

The duties enjoined on him are, among others, out of the first moneys which shall be collected by him, to pay to the county collector the state and county taxes required to be assessed in the township of which he is the collector, and to pay on demand, to the township committee, all moneys by him received on any assessment, and not paid over to the county collector, agreeably to law.

The breach of the condition of the bond assigned is, that the defendant, McEachron, being collector of the township of New Providence, in the county of Union, did not pay the taxes collected by him to the county collector, according to the statute. The condition of the bond, as we have seen, is to perform the duties of township collector. One, and among the most important of his duties, is to pay to the proper official the taxes collected. If he fails to discharge this duty, the condition of his bond is broken, and the penalty is incurred.

A township collector is not a mere bailee of the moneys collected, and, though he may not loan, he is not bound to keep in hand the identical money received.

He may choose his own mode of keeping it, and will have fully performed his duty in this regard, if he pays over the amount received to the persons and at the time appointed by law.

That this view of the question raised is correct, is fully supported by the adjudged cases cited by the plaintiffs' counsel, to which it is not necessary to make further reference.

There is an allegation in the plea that the moneys, the non-payment of which is alleged in the declaration, and which, the defendants aver, were stolen, were moneys collected and received after the 22d December, from delinquent tax payers. I cannot see that this allegation varies the case. Whether the moneys were collected before the tax warrant issued, or by virtue of the tax warrant from delinquents, the collector was bound in the one case, as in the other, to pay the moneys received. The obligation which he took upon himself being to pay, it was not discharged by keeping in hand, without negligence, fault, or blame, the identical money collected. By the twenty-ninth section of the act of 1866, (*Nix. Dig.*, *p.* 957,[*]) warrants issued for the collection of delinquent taxes are required to be directed and delivered to the collector of the township, who, in the words of the statute, "shall, in the execution of said warrant, have the same powers, and perform the same duties, be subject to the same forfeitures, and receive the same compensation, as is prescribed to the constables." By the thirty-ninth section of the act of 1846, (*Nix. Dig.*, *p.* 943,[†]) it is enacted that all justices of the peace, constables and township collectors, shall render to the township committee of their respective townships, when by them required, a true account of all the moneys which they, or any of them, shall have received on any assessment made or to be made, and not paid over to the county collector; which moneys the said justices of the

[*] *Rev.*, *p.* 1159, § 87.     [†] *Rev.*, *p.* 1145, § 29.

peace, constables, and township collectors, are directed to pay, on demand, to the said township committee.   It is admitted, by the plea, that the moneys sued for remain unpaid to the county collector.   It was the duty of defendant, McEachron, out of the first moneys collected, whether received of delinquents or non-delinquents, to pay to the county collector the quota of the state and county tax.   The failure of the township collector to perform this duty was a breach of the condition of his official bond.

The Circuit Court should be advised to allow the demurrer, with costs.

Justices BEDLE and DEPUE, concurred.

AFFIRMED, 6 *Vr.* 528.