W. E. SWIFT *et al.* ·

*v.*

TRUSTEES OF SCHOOLS, ETC. COUNTY OF SANGAMON.

*Opinion filed April 18, 1901.*

1. PUBLIC OFFICERS—*township treasurer is an insurer of funds coming into his possession.* A township treasurer, by virtue of the statute, is an insurer of the funds coming into his possession, and to exonerate himself upon his bond he must show that he has paid out or disposed of the funds in his hands in pursuance of law, or that he has been prevented by the act of God or the public enemy.

2. SAME—*failure of bank does not excuse township treasurer from producing funds.* One accepting the office of township treasurer takes upon himself the duty of safely keeping the moneys of the township which come into his hands and of disbursing them pursuant to law, and he and his sureties cannot be excused from making good a deficiency resulting from the failure of the bank where the funds were deposited, although he supposed the bank to be solvent.

3. EVIDENCE—*when an admission of evidence is not prejudicial error.* If, in an action on a township treasurer's bond, an admission by the treasurer as to the fact and the amount of the deficiency is proved, it is not prejudicial error to permit his successor in office, without producing the books, to testify that the books showed that the treasurer had received.such amount but had failed to turn it over.

4. SAME—*admission of township treasurer as to deficiency—effect.* In a suit upon a township treasurer's bond, an admission by him that he owed the township a certain. amount is evidence of that fact, not only against himself but against his co-obligors.

*Swift v. Trustees of Schools,* 91 Ill. App. 221, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. O. P. THOMPSON, Judge, presiding.

PATTON, HAMILTON & PATTON, for appellants:

A public officer is bound to exercise good faith and reasonable skill and diligence in the discharge of his trust, and he is not.responsible for any loss occurring without any fault on his part. *Cumberland* v. *Pennell,* 69 Me. 357; *York County* v. *Watson,* 15 S. C. 1; *Albany County* v. *Dorr,* 25 Wend. 440; *People* v. *Faulkner,* 107 N. Y. 477;

*State* v. *Houston*, 78 Ala. 576; *Healdsburg* v. *Mulligan*, 45 Pac. Rep. 337; *Governor* v. *McEwen*, 5 Humph. 265; *Peck* v. *James*, 3 Head. 75; *Livingston* v. *Woods*, 49 Pac. Rep. 437; *Wilson* v. *People*, 34 id. 944; *State* v. *Copeland*, 34 S. W. Rep. 427; *State* v. *Gramm*, 52 Pac. Rep. 533; *Railway Co.* v. *Bartlett*, 120 Ill. 603; *United States* v. *Thomas*, 15 Wall. 337.

A trustee is bound to use only ordinary care in the administration of the funds in his hands. A bailee's obligation is the same. Perry on Trusts, sec. 443; Story on Bailments, sec. 620; 2 Story's Eq. Jur. sec. 1269; *Whitney* v. *Peddicord*, 63 Ill. 249; *In re Corrington*, 124 id. 363; 3 Williams on Executors, (7th ed.) 362, note; *Corrington* v. *Corrington*, 15 Ill. App. 393; *Christy* v. *McBride*, 1 Scam. 75.

Where, in debt on a bond, *nil debet* is pleaded and issue is joined, it operates as the general issue raised by same plea would in any other action of debt, and throws upon the plaintiff the burden of proving the declaration. *Price* v. *Farrar*, 5 Ill. App. 536; 1 Chitty's Pl. (9th ed.) 483.

Oral evidence cannot be substituted for any instrument which the law requires to be in writing, such as public documents, etc. 1 Greenleaf on Evidence, sec. 86.

Oral evidence cannot be substituted for any writing the existence of which is disputed, and which is material either to the issue between the parties or to the credit of witnesses, etc. 1 Greenleaf on Evidence, sec. 28; *Sherman* v. *Smith*, 20 Ill. 350; *Humphreys* v. *Collier*, Breese, 297; *Massey* v. *Bank*, 113 Ill. 334.

JAMES M. GRAHAM, (H. S. MILLER, of counsel,) for appellees:

It is fundamental that the language of any pleading must be construed most strongly against the pleader,—and measured by this rule the special plea is insufficient. That plea is based upon the theory that appellant Swift is chargeable only with the exercise of such care and caution as would be required of a bailee for hire. But a bailee for hire must exercise at least ordinary care for

the safety of the thing bailed. *Union Stock Yards* v. *Mallory,* 157 Ill. 554.

Township treasurers, under our statute, are insurers of the safety of the funds coming into their possession, and nothing can relieve them from their obligation to safely keep such funds but the act of God or the public enemy. *Thompson* v. *Trustees,* 30 Ill. 99; Rev. Stat. chap. 122, secs. 99, 111, 118-120; *Trustees* v. *Smith,* 88 Ill. 184.

Oral evidence may be given to prove the amount due on an account, even though there be a written statement of the account in an account book. 1 Greenleaf on Evidence, sec. 90.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action of debt, brought in the circuit court of Sangamon county by the appellees, against the appellants, on the bond of W. E. Swift, treasurer of said township, which bond is in the statutory form. Defendants filed a plea of *nil debet,* also a special plea, in which it is averred that the defendant W. E. Swift, being then and there a farmer, and unable, therefore, to keep the moneys of said township in his possession in safety, as such treasurer deposited the moneys of said township which came into his hands as such treasurer in the Bank of Waverly; that the Bank of Waverly was a partnership, composed of various individuals of wealth and responsibility engaged in the business of banking at Waverly, in said county; that said bank did a large banking business, and was considered by the said W. E. Swift and the community at large in the vicinity of Waverly and elsewhere, to be a safe, solvent and reliable banking institution and depository for money; that while said township funds were on deposit in said Bank of Waverly, and while said W. E. Swift believed said bank to be a safe, solvent and reliable banking institution and depository for money, the said Bank of Waverly failed and ceased to do business and was thereafter adjudged to be a bankrupt, and

that the assets thereof are now in the possession of an officer of and are being administered by the United States District Court for the Southern District of Illinois; that no dividend has as yet been declared or paid from the estate of said Bank of Waverly; that the said W. E. Swift has turned over and delivered to his successor in office, E. L. Stockdale, all moneys, books, papers, securities and property which came into his hands and control, as such treasurer, from the date of said bond up to the time that his successor in office qualified, saving and excepting such moneys as were deposited in said Bank of Waverly at the time of the failure thereof, and that said W. E. Swift has tendered to E. L. Stockdale, as his successor in office, a power of attorney authorizing and empowering the said E. L. Stockdale, as such township treasurer, to collect and realize from the estate of the said Bank of Waverly the amount or proportion of said money belonging to said township, deposited therein, which will or may be eventually paid under the direction of said court, and that said E. L. Stockdale, as such treasurer, refuses to accept said power of attorney or collect said money. A demurrer was interposed by the appellees to said special plea and sustained by the court, to which ruling of the court in sustaining said demurrer the appellants excepted, and the cause having afterward been tried by the court and a jury upon the issues remaining undisposed of, at the close of all the evidence the court peremptorily instructed the jury to return a verdict in favor of the appellees for $1717.42 damages, which, in accordance with said instruction, was done, and a judgment for said amount in favor of the appellees rendered thereon, to which action of the court in directing said verdict and rendering said judgment the appellants excepted. An appeal having been taken to the Appellate Court for the Third District, where said judgment has been affirmed, a further appeal has been prosecuted from such judgment to this court.

The court did not err in sustaining the demurrer to the special plea filed in this case. The law is well settled in this State that a township treasurer, by virtue of the statute, is an insurer of the funds coming to his possession; that to exonerate himself upon his bond he must show that he has paid out or disposed of the funds in his hands in pursuance to law, or that he has been prevented from so doing by the act of God or the public enemy. (*Thompson* v. *Board of Trustees,* 30 Ill. 99; *Trustees of Schools* v. *Smith,* 88 id. 181.) In the case of *Thompson* v. *Board of Trustees, supra,* which was an action by the board of trustees upon the bond of a township treasurer, it was alleged that the funds were placed by the treasurer in an iron safe in a store occupied by Thompson, Groves & Co. in the town of Mechanicsburg, in Sangamon county, where he deposited for safe keeping his own funds and papers; that the safe was carefully locked and that the money was stolen therefrom by some one unknown, and without his fault. On page 102 it is said: "In no sense is this a case of bailment. The liability of the treasurer arises out of his official bond. He has made, by that bond, an express contract with the trustees that he will keep safely the moneys which shall come to his hands. It is so 'nominated in the bond,' when that is read in the light of the statute prescribing his duties, and considerations of public policy forbid that he should be permitted to avail of any extraneous fact outside of the condition of the bond. The treasurer well knew and understood the contract he had entered into and the extent of the obligation he had voluntarily incurred, and he has obtained all he contracted for,—the possession of the office, with the emoluments attached to it. We think there is no principle on which the defense can be sustained, the contract being absolute, without any condition, express or implied. In these days of remorseless peculation upon the public by its functionaries,—indeed, at all times,—public policy demands that depositaries of the public money

should be held to the most rigid accountability, within the terms and scope of their covenants. They know well, on assuming their positions, the hazards to which they are exposed, and they voluntarily assume the risks and are paid for so doing. Township treasurers, under our statute, * * * are made insurers of the funds coming to their possession, and nothing should or can excuse them but the act of God or of the public enemy. There would be no surety to the public were not this the rule. A distinct and well-defined liability is imposed on them by statute, and if it be not met to its fullest extent, the fact that the omission occurred from misfeasance or negligence or unavoidable accident, or by a felony committed by another, furnishes no defense to the action on the bond."

By accepting the office of township treasurer Swift took upon himself the duty of safely keeping the moneys of the township which should come to his hands and of paying them out pursuant to law, and he and his sureties cannot be excused from making good the deficiency in this case by showing the moneys were lost by reason of the failure of the bank in which they were deposited by Swift, although at the time he deposited the same in the bank he supposed the bank was solvent.

The appellees, on the trial of said cause, proved by George W. Conlee, one of the township trustees, that when Swift was present at a meeting of the board of trustees of said township held for the purpose of adjusting the accounts of Swift with the township, Swift admitted that he owed said township the sum of $1717.42, and offered to turn over to said trustees, in payment thereof, the claim for that amount which he had upon the Bank of Waverly for funds which he had on deposit in said bank at the time of the failure thereof. We do not think, therefore, the fact that the court allowed E. L. Stockdale, when called as a witness, to testify, without producing the books, that the books of the township

treasurer which Swift had turned over to him, as his successor in office, showed that Swift had received, while he was township treasurer, the sum of $1717.42, belonging to the township, which he had failed to account for, such prejudicial error as to require a reversal of this case, or that the court erred in giving the jury a peremptory instruction to find for the plaintiff.

The admission of Swift that he owed the township the sum of $1717.42 was evidence of that fact, not only as against himself, but against his co-obligors as well. In *Rhode* v. *McLean,* 101 Ill. 467, which was a suit upon an appeal bond, it was held that the admission of the principal that the bond was destroyed, he having taken it from the clerk's office and never having returned it, was evidence of the. fact of its destruction, not only as against himself, but against his co-obligors as well. In that case the following statement of Mr. Greenleaf: "In the absence of fraud, if the parties have a joint interest in the matter in suit, whether as plaintiffs or defendants, an admission made by one is, in general, evidence against all. They stand to each other, in this respect, in a relation similar to that of existing co-partners, * * * and where two were bound in a single bill, the admission of one was held good against both defendants," (1 Greenleaf on Evidence, sec. 174,) was quoted with approval. In *Amherst Bank* v. *Root,* 2 Metc. 522, on page 541 it is said: "Evidence was received of the admissions and declarations of Luther Root, the cashier, to charge the sureties. This is a case where the cashier and his sureties are sued on their joint obligation. Whatever may be the law when one becomes guarantor or surety for another by a separate obligation, we think where the principal and sureties are all bound by a joint obligation the declarations and admissions of the principal are evidence against the sureties in a joint action against them."

The appellants offered no evidence, and there seems to have been no controversy, as to the amount of money

in the hands of Swift which he had failed to turn over to his successor in office, the real controversy being as to whether Swift should be credited with the amount which he had on deposit in the Bank of Waverly at the time of the failure of said bank. Having held he was not entitled to be credited with that amount, we find no reversible error in this record.

The judgment of the Appellate Court will therefore be affirmed.                    *Judgment affirmed.*