THE COUNTY OF LAKE, Appellee, *vs.* CARL P. WESTERFIELD, Appellant.

*Opinion filed April 20, 1916.*

1. FEES AND SALARIES—*in what sense county treasurer is bailee of public funds and in what sense a debtor.* The county treasurer is a bailee only in the sense that he is a custodian of public funds for the safety of which he gives his official bond creating a contract liability inconsistent with any idea of ownership of the fund, and he is a debtor only in the sense that he owes an obligation to pay over the money received by him.

2. SAME—*county treasurer is not entitled to interest on public funds.* While the county treasurer is absolutely liable, under the statute, for all funds received by him, this absolute liability does not entitle him to the interest which such funds may make, and he must be satisfied with the compensation provided by law.

3. SAME—*county treasurer not required to make funds earn interest.* There is no law requiring a county treasurer to make the funds in his hands earn interest, and if they do not earn interest the treasurer satisfies his obligation by paying over the principal.

4. CONSTRUCTION—*to what extent previous construction of statute by officials will be considered.* Where there is doubt concerning the meaning of a statute, a long continued practical construction by officials will have much force in determining the proper

construction to be given it by the courts, but if the language of the statute is plain, a contrary construction will have no weight.

5. ACTIONS AND DEFENSES—*county may maintain suit to recover interest received by county treasurer on public funds.* A county may maintain a suit against the county treasurer to recover interest received by him on public funds in his hands. (*Jones* v. *O'Connell,* 266 Ill. 443, and *County of Lake* v. *Westerfield,* 268 id. 537, distinguished.)

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

A. F. BEAUBIEN, and CHURCH, SHEPARD & DAY, (FRANK L. SHEPARD, of counsel,) for appellant.

RALPH J. DADY, State's Attorney, (E. M. RUNYARD, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county of Lake, appellee, brought this suit in the circuit court of that county in *assumpsit* against Carl P. Westerfield, appellant, and on September 10, 1914, filed a declaration containing six counts. In each of the first five counts it was alleged that the appellant had been county treasurer and *ex-officio* county collector of said county since December 5, 1910; that his salary was fixed by the county board at $2500 per annum, which he had received; that on June 1, 1913, there was in his hands the sum of $7343.90, which he had received during his term of office from banks as interest on moneys in his hands by virtue of his office; that he never kept any account of said money received as interest and never reported the same to the county board, and never paid the said sum, or any part thereof, into the county treasury. The sixth was the consolidated money

count. The plea was the general issue, and a jury having been waived, the issues were submitted to the court upon a stipulation of facts which corresponded with the averments of the special counts. The appellant made no claim to the money on account of salary, clerk hire or other necessary expenses, and the county had demanded that he turn the money into the treasury. The stipulation stated the defense to be that neither the county board nor the county had any interest in or right to any of the money received as interest; that such money was not an earning of the office but the private money of the defendant, which he was not required to account for or pay into the county treasury. The court held as the law twenty-four propositions submitted by the appellee, which stated with unnecessary repetition and mere verbal variations that the county treasurer and *ex-officio* county collector was not entitled to the interest on moneys in his hands as such officer above the amount of his compensation fixed by the county board and the amount allowed for clerk hire and other necessary expenses. The appellant submitted four propositions of law, to the effect that county treasurers are not liable for and need not account for interest which they may receive upon funds in their hands by virtue of their office and need not pay the same into the county treasury. All of these propositions were refused. The court found the issues for the appellee and rendered judgment for the amount of the interest and costs of suit. The appellant removed the record to the Appellate Court for the Second District by appeal, where the judgment was affirmed and a certificate of importance was granted and an appeal to this court.

Section 10 of article 10 of the constitution provides that the county board shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel or other expenses, which compensation shall not be increased nor diminished during the term of office, and that all fees or allowances received by such officers in

excess of their compensation shall be paid into the county treasury. Section 52 of the Fees and Salaries act provides that all fees, perquisites and emoluments received by county officers in counties of the class to which Lake belongs, above the amount of their compensation fixed by the county board and for clerk hire and other necessary expenses, shall be paid into the county treasury. These provisions of the constitution and statute have established the law concerning the compensation to be received by county treasurers for the performance of their official duties, and the question of law which may be reviewed in this court, arising upon the propositions of law held and refused, is whether interest on public funds comes within the constitutional and statutory provisions.

The argument against the ruling of the trial court on the propositions of law is based on various provisions of the statutes. Section 4 of chapter 36 of the Revised Statutes of 1874, relating to county treasurers, provides that the county treasurer shall receive and safely keep the revenues and other public moneys of the county and all money and funds authorized by law to be paid to him and disburse the same pursuant to law. In various sections of the Revenue act prescribing the duties of a county treasurer as *ex-officio* collector the particular kind of coin, notes, certificates and warrants which he shall receive in payment of taxes is specified, and he is required to collect special assessments made by any city, town or village. The money collected for State taxes he is to pay over to the State Treasurer and money collected for other taxing bodies is to be paid to the proper authorities. Upon failing to make the reports and payments required, suit may be brought on his bond, and his office may be declared vacant by the county board or by the court in which such suit is brought. These provisions of the statute create an absolute liability of county treasurers to safely keep and pay over the moneys in their hands, so that they become insurers of the safety

of such moneys. *Thompson* v. *Board of Trustees,* 30 Ill. 99; *Town of Cicero* v. *Hall,* 240 id. 160; *Town of Cicero* v. *Grisko,* id. 220.

The liability for the principal sum of money coming into the hands of the treasurer being absolute, it is contended that he is entitled to and becomes the owner of any interest upon the principal sum which he may obtain. To sustain that position counsel for appellant rely upon a number of decisions in which the fact of absolute liability was regarded as sufficient to invest the treasurer with the ownership of the principal fund or to entitle him to retain the interest earned by it. (*Shelton* v. *State,* 53 Ind. 331; *State* v. *Walsen,* 17 Col. 170; *Renfroe* v. *Colquitt,* 74 Ga. 618; *Commonwealth* v. *Godshaw,* 92 Ky. 435; *Malloy* v. *County Comrs.* 10 N. M. 638.) In *Shelton* v. *State* and *Commonwealth* v. *Godshaw, supra,* the courts of Indiana and Kentucky decided that on account of the absolute liability the money received by the official becomes his own money. That conclusion seems to us not only to be without foundation in reason, but it is expressly repudiated by counsel for appellant, who say that no such claim is made on his behalf. The officer is not a bailee in the sense of having possession of the money for a temporary purpose with a qualified property in it, and surely he does not acquire title to the property, because he is absolutely bound to preserve and disburse it to those entitled to it. He is a debtor in the sense that he owes an obligation to pay over the money received by him but not in any other sense. He is a mere custodian of public funds, for the safety of which he gives his official bond, and the contract liability thereby created is inconsistent with any idea of ownership of the fund by the officer. We are also unable to discover any reason for the decisions in the cases cited that the absolute liability of the county treasurer entitles him to interest. A trustee or bailee may ordinarily be relieved from liability by showing that the funds in his hands were lost without any fault on his

part, but how the nature or extent of the liability affects the ownership of an accretion to money or property in the hands of a custodian we are unable to discover. There are varying degrees of liability in cases where property of one is entrusted to another and in some cases the liability is absolute, but, in any case, the one to whom the property is delivered must be satisfied with the compensation provided by the law or agreed upon. There is no law requiring a county treasurer to make the moneys in his hands earn interest, and if they do not earn interest the treasurer satisfies his obligation by paying over the principal, but that does not affect the question as to who is entitled to the interest if the fund earns interest.

The question of the ownership of interest on public funds came before this court in *Hughes* v. *People,* 82 Ill. 78. That was a suit on the bond of a sheriff who was *ex-officio* county collector, and it appeared that he had received from a bank $2500 as compensation for deposits of money which came to his hands as an officer. The court held that the interest was a perquisite or emolument acquired by official position, which should be accounted for to the county. The principle involved in that case has been applied in other cases. (*People* v. *Foster,* 133 Ill. 496; *County of LaSalle* v. *Milligan,* 143 id. 321; *Foote* v. *Lake County,* 206 id. 185.) In the recent case of *People* v. *Witzeman,* 268 Ill. 508, the constitution and laws of this State requiring county officers to receive as their only compensation salaries to be fixed by law, and to pay into the county treasury all fees, perquisites or emoluments in excess of the compensation, were set forth, and it was held that Witzeman, as clerk of the circuit court of LaSalle county, was required to pay into the county treasury one-half of the fees collected by him in naturalization proceedings, which the act of Congress provided he might retain.

An argument against the rulings of the trial court on the propositions of law is based on the long continued prac-

273 – 9

tical construction given to the provisions of the constitution and statutes, by which public officers had been permitted to receive for themselves interest upon public funds, for which they rendered no account. The court recognized such a custom in *Dreyer* v. *People,* 176 Ill. 590, as a matter of common knowledge; and where there is doubt concerning the meaning of the statute, a long continued practical construction will have much force in determining the proper construction to be given it by the courts. (*Nye* v. *Foreman,* 215 Ill. 285; *Cook County* v. *Healy,* 222 id. 310.) If, however, the language of the statute is plain, a contrary construction given to it by officials will have no weight. As to the question in this case, there is no ambiguity in the constitution or statute, and the fact that public officials have appropriated to their own use interest money to which they were not entitled cannot be permitted to defeat the purpose of the people in adopting the constitution or of the legislature in enacting the law. The court did not err in ruling on the propositions of law.

It is contended that even if the money collected as interest is not the property of the appellant it followed the several funds on which it was earned, and belonged not to the county but to the owners of the several funds. That question is not presented by the record. By the stipulation of facts it was agreed that the amount claimed was received by the appellant as interest on public funds in his hands as county treasurer, and the defense was that the interest belonged to him. If the interest was earned upon funds of different taxing bodies in which the county had no interest it was not stated, and no proposition of law was submitted to the court on the question of the right of the appellee to recover the whole sum admitted to be in the hands of the appellant. There being no statement of fact and no proposition of law based upon such fact there is no question subject to review in this court. The judgment of the Appellate

Court is conclusive of the amount of damages. The question, however, has been argued by counsel on both sides, and if we treated it as involved in the appeal we could not agree with appellant. The county board fixes the salaries of county officers, together with the amount of their necessary clerk hire and other expenses, and the statute requires such officers to pay into the county treasury all fees, perquisites and emolument received by them above the amounts fixed by the county board. The officers are to account to and settle with the county board, and the legal title is in the county, which may maintain a suit. If the interest is an accretion to the fund which bears interest, becoming a part of it and corporate with it, and there were in this case any several or separate funds, the distribution would be a matter of accounting, in which the different shares of the aggregate belonging to the several beneficiaries would be ascertained. In the cases of *Galpin* v. *City of Chicago,* 249 Ill. 554, and 269 id. 27, bills of interpleader were filed by Galpin, who was the clerk of a city court, to determine what different taxing bodies were entitled to money in his hands. He admitted his liability to pay and there was no provision of the law requiring him to pay the money into the city treasury, but he was required by the Municipal Court act to account to the different authorities. The law under consideration in *Jones* v. *O'Connell,* 266 Ill. 443, and *County of Lake* v. *Westerfield,* 268 id. 537, created a duty to the State in which the county had no interest, and the law did not contemplate payment to the county.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*