## City of Chicago, Appellee, v. Frank P. Danisch, Appellant.

### Gen. No. 26,825.

1. CLERKS OF COURTS—*liability of Municipal Court clerk for interest on deposits.* Under section 4, part 2, art. 12, Cities and Villages Act (Cahill's Ill. St. ch. 24, ¶ 286), providing that neither the treasurer nor any other officer of the City of Chicago, having public funds in his possession, shall be entitled to interest accruing thereon, but the same shall inure to the benefit of the city, a former municipal court clerk was liable to the city for interest on moneys deposited by him as clerk during his term of office in various banks in said city, and the term "public funds" was held to mean all funds in the hands of the clerk which he had not otherwise accounted for, and liability could not be avoided by showing that the various sums of interest earned had been so mingled with each other that it was impossible for the owners to identify them, as the duty of segregating the interest on daily balances, so as to show to whom the interest thereon was due, devolved upon the clerk.

2. APPEAL AND ERROR—*when constitutionality of statute not considered.* The point that a statute in question was unconstitutional was not considered, for the reason that by taking an appeal to the Appellate Court the point was waived.

Appeal from the Circuit Court of Cook county; the Hon. ANTON T. ZEMAN, Judge, presiding. Heard in this court at the March term, 1921. Affirmed. Opinion filed April 3, 1922. *Certiorari* denied by Supreme Court (making opinion final).

SABATH & STAFFORD, for appellant; CHARLES B. STAFFORD and THOMAS M. ZASADIL, JR., of counsel.

SAMUEL A. ETTELSON, for appellee; LEON HORNSTEIN and ROBERT C. O'CONNELL, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The appellant was defendant below, and appeals from a judgment rendered against him and in favor of the City of Chicago in the sum of $14,123.35. Judgment was entered on the finding of the court, to which the cause was submitted by agreement of the parties. The declaration consisted of special counts, to which were attached the common counts, with a copy of the account sued on. The defendant filed a plea of the general issue with an affidavit of merits. The demand of plaintiff was on account of interest on moneys deposited by the defendant as clerk of the municipal court of Chicago, during his term of office, in various banks of the City of Chicago. There is practically no conflict in the evidence.

Plaintiff was the clerk of the municipal court of Chicago, and after the expiration of his term of office turned over to his successor in office all moneys remaining in the banks to his credit as clerk, with the exception of the amount for which judgment was entered. The sum was placed by him in the Kasper State Bank to his personal credit.

The evidence tends to show that this sum represents accumulated interest on the daily balances of his accounts as clerk on which the banks, by agreement with defendant, paid interest at the rate of 2 per cent per annum. As a practical matter, the evidence indicates it would be impossible to determine from which particular funds deposited with the defendant in his official capacity this interest money was derived. It was made to appear that part of it,

at least, as much as $3,000 of the amount, was derived from funds belonging to the City of Chicago, but the exact proportion thereof derived from funds belonging to the city was not proved on the trial, and the rulings of the court indicate that this was regarded as an immaterial matter.

The plaintiff based its right of recovery on section 4, part 2, art. 12, Cities and Villages Act (Cahill's Ill. St. ch. 24, ¶ 286), which provides as follows:

"Neither the treasurer nor any other officer of the City of Chicago, having public funds in his possession or custody, shall be entitled to the interest accruing thereon or any part thereof, but such interest shall inure to the benefit of such city, and be paid into its treasury."

It is the contention of the City of Chicago that the term "public funds" means all funds in the hands of the clerk which he has not otherwise accounted for. It concedes that the statute is not applicable to any special fund held by the clerk which is a trust fund, where the interest would follow the trust. As a matter of fact, the evidence tended to show that all such funds had been fully accounted for by the clerk and the amount thereof turned over to the parties entitled to the same. If it was possible to segregate the interest on the daily balances so as to show the various parties to whom the interest thereon was due, that duty devolved on the clerk, and we think he cannot escape his liability to the city by showing that these various sums of interest earned have been so mingled with each other that it is impossible for the owners to identify them.

Appellant contends that the statute in question is unconstitutional, but this point cannot be considered by us, for the reason that by taking an appeal to this court the point was waived.

Without discussing the question at length, we think that the cases of *People ex rel. Cameron v. Flynn*, 265

Ill. 414, and *United States v. Mosby,* 133 U. S. 273, are applicable, and sustain the theory of construction for which the city contends. In the last-named case, where an official claimed that the interest on certain moneys which were deposited with him in his official capacity was his own property, the court said:

"This was disallowed, and we think properly. The moneys are stated to be 'public moneys,' in respect to which the consul was a trustee, and any interest which he received on the funds belonged to the United States. He was not required to put the funds out at interest, but if he did so the accretion belonged to the government." See also *Lake County v. Westerfield,* 273 Ill. 124.

The judgment of the circuit court will be affirmed.

*Affirmed.*

DEVER, P. J., and McSURELY, J., concur.