## Trustees of Schools of Town One, etc., in the Counties of Clinton and Washington, Appellee, v. Clyde A. Chambers et al. American Surety Company of New York, Appellant.

1. APPEAL AND ERROR—*waiver*, *of errors assigned but not argued.* It is a well-settled rule that errors assigned but not argued are waived.

2. OFFICERS AND PUBLIC EMPLOYEES — *construction of bond intended to meet statutory requirements, by disregard of prohibited or unauthorized provisions.* Where the bond of a township school treasurer, although manifestly intended to meet the requirements of the statute then in force, contained provisos stating conditions unauthorized or prohibited by such statute, such provisos may be stricken or disregarded as surplusage in determining the liability of the sureties thereunder.

3. OFFICERS AND PUBLIC EMPLOYEES — *sufficiency of evidence to show felonious withholding of funds by township school treasurer.* Undisputed evidence in action on official bond of township school treasurer held to show his guilt of a penitentiary offense in withholding funds coming into his hands as such officer.

4. OFFICERS AND PUBLIC EMPLOYEES—*sufficiency of evidence to show liability of surety on bond of township school treasurer.* Proof that a township school treasurer has feloniously withheld funds coming into his hands as such officer, that he admitted being short in his accounts, that he withdrew funds from his account as such officer but refused to explain what became of them on the plea that his answer would incriminate him, and that he has received a much larger sum during his term of office than he has lawfully paid out, held sufficient, in an action on his bond, to show that the trustees of schools had sustained the losses sought to be recovered by acts of fraud, dishonesty, wrongful abstraction and misapplication of township school funds within the meaning of

the conditions of the bond so far as such conditions were authorized by or not in conflict with the provisions of the statute providing therefor.

5. SURETYSHIP—*right of election, in suit in equity, against which of two concurrently enforceable official bonds to proceed.* The fact that school trustees sued in equity, rather than at law, to recover upon the official bonds of a township school treasurer for four successive terms, did not preclude their right to elect as to which of such bonds they would seek to enforce as to the defaults of a particular term during which two bonds were in force.

6. EQUITY—*cross-bill as prerequisite to affirmative relief.* A defendant in equity may not have affirmative relief unless he files a cross-bill with a prayer therefor. Such relief cannot be granted upon an answer.

Appeal by defendant from the Circuit Court of Clinton county; the Hon. F. R. DOVE, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed February 17, 1926.

BRYAN, WILLIAMS & CANE, THOMAS S. McPHEETERS and WHAM & WHAM, for appellant.

NOLEMAN, SMITH & DALLSTREAM, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellee, the trustees of schools, filed a bill against Clyde A. Chambers, appellant, and Southern Surety Company to reform four township school treasurer's bonds, each in the sum of $12,000, and to recover the amounts found to be due thereon. Chambers was elected township school treasurer in 1918 and was reelected every two years thereafter, up to and including 1924. Appellant was a surety on the bonds executed in 1918, 1920 and 1924, and Southern Surety Company was on his bond for the term of 1922 to 1924. Issues were joined and upon a hearing before the court the bonds were reformed. Chambers was found to be short in his accounts as follows: $4,752.62 during his first term of office, $213.17 during his second term, and $10,353.93 during his fourth term, and as appellant was his surety it was ordered to pay said several

amounts. He was also found to be short in his accounts during his third term in the sum of $11,036.76 and Southern Surety Company was ordered to pay that amount. The latter company has abided by the decree.

While appellant assigned thirteen errors upon the record, it has argued but three, which are set out in its brief and argument as follows:

(1) That the court erred in finding and decreeing the bonds of appellant to be official statutory bonds;

(2) That the court erred in decreeing the reformation of said bonds so as to follow the form mentioned and set forth in the statutes of the State of Illinois concerning the bonds of township school treasurers; and,

(3) That the court erred in finding and decreeing appellant to be solely liable for the loss sustained during Chambers' term which began on May 1, 1924, and in refusing to find and adjudge that the bond of the Southern Surety Company was likewise in full force and effect during that term and in the failing to find and adjudge that said company was equally liable with appellant for all losses sustained during that term. It is a well-settled rule that errors assigned but not argued are waived.

Appellant executed the bonds in question upon an application made by Chambers. The blanks were furnished by appellant and bore, in large letters, this heading, "Application for Bond, Public Officers and their Employees (except Federal Officers)." When filled out, signed and submitted the applications informed appellant that Chambers had been appointed township school treasurer for a certain term; that he desired appellant to sign his bond as such officer and that it should be made in favor of the school trustees. Appellant prepared the bonds and they were executed by Chambers as principal and by it as surety. Each bond contained a promise that appellant would pay to

the trustees of schools any pecuniary loss sustained by reason of any one of certain acts on the part of Chambers while he held the position of township school treasurer. The bonds were presented to the trustees of schools and by them approved. They were also approved by the county superintendent of schools. By reason thereof Chambers was permitted to assume the duties of the office and large sums of money came to his hands as such officer.

We see no escape from the conclusion that the bonds in question were executed, accepted and approved as the official bonds of Chambers as township school treasurer. Appellant contends, however, that in form the bonds were so materially different from the form prescribed by the statute, they cannot be construed as official statutory bonds; that they are simply common-law obligations and when so construed all of the conditions and limitations therein contained are valid and binding, and not having been complied with there can be no recovery thereon.

The bonds in question are in the following form:

"We, Clyde A. Chambers, as principal, hereinafter called the 'employee,' and the American Surety Company of New York as surety, bind ourselves to pay School Trustees, Brookside Township, Clinton County, Illinois, as employer, such pecuniary loss, not exceeding Twelve Thousand ($12,000.00) Dollars, as said employer shall have sustained of money or other personal property (including that for which the employer is responsible), by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or misapplication on the part of said employee, directly or through connivance with others, while holding the position of Township School Treasurer, in the employ of said employer and during the period commencing ................ and ending with the termination of this suretyship by the retirement of the employee from his said position, the discovery of loss hereunder, or

the cancellation of this suretyship by the employer or the surety.

Provided, however:

"1. That loss be discovered during the continuance of this suretyship, or within fifteen (15) months next after its termination, and notice thereof delivered to the surety at its home office in the City of New York within ten (10) days after such discovery.

"2. That claim, if any, be submitted by the employer in writing, showing the items and the dates of the losses, and delivered to the surety at its home office within three (3) months after such discovery, and the surety shall have two (2) months after such claim has been presented in which to verify and to make payment. In the meantime no suit, action or proceeding shall be brought against the surety by the employer, nor after the expiration of twelve (12) months after the delivery of such statement of claim.

"3. In the event that the loss exceeds the amount of this suretyship, the employer and the surety shall share with each other pro rata in any net recovery, except recovery upon or from other suretyship for such employee, in the proportion that the amount of the payment under this suretyship bears to the total shortage.

"4. The amount of this suretyship may, on written application of the employer, be increased or decreased by the surety without impairing the continuity thereof.

"5. This suretyship may be terminated by the surety upon thirty (30) days' notice to the employer, and likewise the employer may terminate this suretyship by notice in writing to the surety, specifying the date of cancellation. Thereupon the surety shall refund the unearned premium, if any claim has been paid.

"In witness whereof, the employee, as principal, and the surety have hereunto set their hands and seals this

.......... day of ................., 19..
Clyde A. Chambers,<br>Principal.

Andrew Kuhn,
       Witness.
American Surety Company of New York,<br>By F. W. Lapentz,<br>President.

Attest: L. A. Kroehnke,
       Resident Assistant Secretary,
         at St. Louis, Mo."

If Callaghan's Ill. St. Ann. ch. 122, ¶ 68, had been complied with the bonds executed by appellant would have been, and the court reformed them so as to read, as follows:

"Know all men by these presents, that we, Clyde A. Chambers and American Surety Company of New York are held and firmly bound, jointly and severally, unto the Board of Trustees of Township One (1) North, Range One (1) West of the Third Principal Meridian in said county, in the penal sum of Twelve Thousand ($12,000.00) Dollars for the payment of which we bind ourselves, our heirs, executors, administrators and successors firmly by these presents.

"In witness whereof, we have hereunto set our hands and seals this .......... day of ............., 19..

"The condition of this obligation is such that if Clyde A. Chambers, Treasurer of Township One (1) North, Range One (1) West, of the Third Principal Meridian, in the county aforesaid, shall faithfully discharge the duties of his office, according to law, and shall deliver to his successor in office, after such successor shall have qualified by giving bond as provided by law, all moneys, books, papers, securities and property, which shall come into his hands or control, as such Township Treasurer, from the date of his bond up to the time that his successor shall have qualified as Township Treasurer, by giving such bond as shall be

required by law, then this obligation to be void; otherwise to remain in full force and virtue.

Clyde A. Chambers,
Principal.

Andrew Kuhn,
Witness.

American Surety Company of New York,
By F. W. Lapentz,
President.

Attest: L. A. Kroehnke,
Resident Assistant Secretary,
at St. Louis, Mo.''

Appellant insists that such a reformation was without authority of law; that the court, in effect, made a new contract for the parties, to the terms of which it never gave its assent. Appellant was fully informed that Chambers was appointed to a public office and the statute prescribed the form of the bond that he should execute as such officer. Appellant was bound to know the law and, for a consideration, became surety for Chambers as such officer. Chambers was thereby enabled to assume the duties of the office and to receive large sums of money. It will be observed that all of the acts of Chambers, for which appellant assumed responsibility by the terms of the bonds, are included in the statutory form of bond. The statute includes all of that liability, and more, but it does not authorize any of the conditions or limitations found in the bonds in question and designated as provisos 1, 2, 3, 4 and 5.

At common law the conditions of the bond may be in part void and in part valid, if they are severable one from another; the same rule applies to statutory bonds where the statute is silent as to the effect of a departure from the statutory form. *Erlinger v. People,* 36 Ill. 458. A bond given by the county treasurer, the condition of which is that he shall faithfully and impartially discharge all the duties of the office, is a good statutory bond for so much as is prescribed by the statute and

comprehended in the condition, even though it be void for the residue. *State v. Findley,* 10 Ohio 54.

It requires no stretch of the imagination to conclude that appellant intended to furnish such a bond as would meet the requirements of the law. If so, there is no hardship imposed upon appellant if it is held to the liability fixed by the statute. But as we are of the opinion that the decree should be affirmed on another ground we do not deem it necessary to decide whether the court carried the doctrine of reformation too far.

In 9 Corpus Juris, pp. 34, 35, it is said: "Where a bond is given under the authority of the statute in force when it is executed, in the absence of anything appearing to show a different intention, it will be presumed that the intention of the parties was to execute such a bond as the law required, and said statute constitutes a part of the bond as if incorporated in it, and the bond must be construed in connection with the statute and the construction given to the statute by the courts. Such a bond must be given the effect which in reason must have been intended by the statute. Whatever is included in the bond, and is not required by the law, must be read out of it, and whatever is not expressed, and ought to have been incorporated, must be read as if inserted into it."

The prevailing doctrine is that where the conditions of a statutory bond are severable, and part are authorized by the statute and part are not authorized or even prohibited and the statute does not expressly or by necessary implication declare it void as a whole, the conditions not authorized or prohibited may be rejected as surplusage. 4 R. C. L. 54; 9 Corpus Juris 26. The law in force when the bonds were executed became a part of the contracts between the officer, his sureties and the public. *Ramsey's Estate v. People,* 197 Ill. 572; 9 Corpus Juris, p. 34. It follows, necessarily, that the provisos in the bond in question may be stricken or disregarded as mere surplusage.

When the conditions and limitations are stricken from the bonds or disregarded, it will be seen that appellant bound itself to pay to the trustees of schools such pecuniary loss, not exceeding $12,000 on each bond, as they shall have sustained by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or misapplication on the part of said Chambers while holding the position of township school treasurer.

Chambers was the only lawful custodian of township and district school funds, and it was his duty to receipt for and safely keep, according to law, all moneys, etc., belonging to his township. Callaghan's Ill. St. Ann. ch. 122, ¶ 71. He was an insurer of the funds coming to his possession. *Thompson v. Board of Trustees,* 30 Ill. 99; *Swift v. Trustees of Schools,* 189 Ill. 584. Treasurer's sureties are required to show that the treasurer disposed of the funds coming to his hands in accordance with the law. *School Trustees v. Smith,* 88 Ill. 181. When Chambers was removed from office it was his duty to deliver all funds to his successor. Callaghan's Ill. St. Ann. ch. 122, ¶ 84.

If Chambers failed or refused to deliver the school funds to his successor as required by law he was guilty of a criminal offense, and if the amount withheld was more than $100 he was subject to imprisonment in the penitentiary for not less than one or more than ten years. Callaghan's Ill. St. Ann. ch. 38, ¶ 447. If he were indicted for that offense it would not be necessary for the State to aver or prove that his failure or refusal to turn over the money was not occasioned by unavoidable loss or accident. That would be a matter of defense and the burden would be upon him to prove it. *Dreyer v. People,* 188 Ill. 40. The same rule applies where a treasurer is his own successor in office. *Johnson v. People,* 123 Ill. 625.

Appellant stipulated on the trial that during his first term of office from 1918 to 1920 Chambers re-

ceived, as treasurer, $4,752.62 more than he lawfully paid out; that during his second term, from 1920 to 1922, he received $213.17 more than he lawfully paid out; that during his third term he received $11,036.76 more than he lawfully paid out; that during his fourth term he received $10,353.93 more than he lawfully paid out. It seems to us that it is a fair inference from the stipulation that all of these several amounts were gone and that they had been unlawfully paid out. Neither Chambers nor appellant attempted to show that his failure or refusal to turn said amounts over to his successor was occasioned by unavoidable loss or accident. Under the statute and the authorities last above cited and the undisputed evidence in this record Chambers was guilty of a penitentiary offense for withholding public funds. Some of those funds had been withheld for several years.

It was proven, without objection, that Chambers told the county superintendent of schools that he was in serious trouble, that he was short in his accounts as township treasurer and wanted to know what he should do about it. That evidence is not disputed. He made no claim that the shortage was due to an unavoidable loss or accident. Why should he say that he was in serious trouble because he was short in his accounts if he were not guilty of fraud, dishonesty or a misapplication of the township funds? In a suit upon a township treasurer's bond, an admission by the treasurer that he owed the township certain amounts is evidence of that fact, not only against himself, but against his sureties. *Swift v. Trustees of Schools,* 189 Ill. 584. A short time before Chambers was removed from office he withdrew $6,000 of the school funds from his account as treasurer. When called as a witness and asked to explain what he had done with that money he refused to say, on the ground that his answer would incriminate him.

The bond prepared by a surety company guarantee-

ing an employer against "loss by reason of dishonesty or fraud, amounting to larceny or embezzlement," of an employee, is a guaranty against dishonesty or fraud of the employee, whether such as would render him liable to indictment for larceny or embezzlement or not. *City Trust, etc., Co. v. Lee,* 204 Ill. 69. In that case the court said: "It is apparent the appellee, by the bond, sought to protect himself from financial loss from the dishonesty of Morrow, even though the act by which the loss was occasioned was not criminal. The bond was prepared by appellant, and under a well-settled rule of construction will be most strongly construed against it, and in our view was intended to protect appellee from financial loss from just such dishonest acts of Morrow, namely, the failure to account for and pay over rents collected." In that case the court held it was dishonest for an agent to collect rents for his principal and then fail or refuse to account for the same, even though, having an interest in the same, he could not be found guilty of larceny or embezzlement.

We are not disposed to hold that a public officer is not guilty of any fraud, dishonesty, wrongful abstraction or misapplication of public funds when it is shown that he is guilty of a penitentiary offense in withholding such funds; that he admitted he was short in his accounts; that he withdrew funds from his account as such officer and refused to say what he had done with them because it would incriminate him; that he has received a much larger amount of money during his term of office than he has lawfully paid out.

In view of the law and the undisputed and admitted facts in this record there is no escape from the conclusion that the trustees of schools sustained the losses sought to be recovered by acts of fraud, dishonesty, wrongful abstraction and misapplication of township school funds on the part of Chambers while holding the position of township school treasurer. That being

true, appellant is liable on the bonds as executed when the conditions and limitations therein contained, and which were not authorized by the statute, are stricken therefrom or disregarded as surplusage.

Appellant's contention, that the court erred in failing to find and adjudge that the Southern Surety Company was equally liable with it for the loss sustained during Chambers' last term of office and that the same should have been apportioned between the two companies, cannot be sustained. Appellant says: "Unquestionably the appellees could bring a suit at law against the American Surety Company on any one of its bonds without joining the Southern Surety Company as a defendant, and the fact that there was a bond outstanding covering the same period, executed by another surety company, would be no defense."

It argues, however, that this suit being in a court of equity the loss sustained during the last term of office should be apportioned between the two companies. No authority is cited in support of that contention. The law gave the trustees of schools a right to elect upon which of the bonds suit should be brought. *Pinkstaff v. People,* 59 Ill. 148. We are of the opinion that they had the right of election whether the suit was brought at law or in equity. If the bonds of both companies were in force during the last term they were concurrent and cumulative. The trustees had the right to sue upon both bonds but, of course, would be entitled to but one satisfaction of their loss. They were not concerned with the question of a prorating between the two companies.

It is a well-settled rule of law that a defendant in equity cannot obtain affirmative relief unless he files a cross-bill with a prayer therefor. Such relief cannot be granted upon an answer. The decree is in accordance with the law and the evidence and is affirmed.

*Affirmed.*