Trustees of Schools, Appellee, v. Archie E. Hammond et al. (Standard Accident Insurance Company), Appellant.

Opinion filed February 1, 1932.

WILSON & WILSON, for appellant.

JUNE C. SMITH, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee filed a bill to reform a township treasurer's bond and to recover the amount due thereon. Appel-

lant was surety on the bond and a decree was rendered reforming the bond and requiring appellant to pay $28,526.05.

Appellant contends that it was relieved from liability because appellee designated the Merchants State Bank as a depository and the loss was occasioned by the failure of that bank. Appellee had no power or authority to select a depository and relieve the treasurer or his surety from liability for money lost through the insolvency of the depository, and appellee is not estopped to claim indemnity from appellant by reason of the fact that it attempted to select a depository. *Bragg City Special Road Dist. v. Johnson,* 323 Mo. 990, 66 A. L. R. 1053, and cases cited in the Note.

Appellant contends that the bond should be construed as a common law obligation and enforced according to its terms and not as a bond in the form prescribed by statute. Appellant was duly informed by the application that Hammond had been appointed township treasurer and that he was required to furnish the bond required by the statute. The bond executed by appellant contained the statutory provisions and in addition thereto the following: "That the surety hereunder shall not be liable for any loss which may be sustained through the failure of any bank or banks or other depository to pay or deliver over any moneys and securities deposited with it by the said Archie E. Hammond which may come into his hands by virtue of his said office."

Appellant knew when it executed that bond that it was in conflict with the form of the bond required by the statute. Appellee had no power or authority to accept a bond containing that provision. The bond also contained another provision in addition to the statutory requirements and the court reformed the bond by striking out those provisions which were not found in the statutory form. Appellant's contention

554

that the bond should be construed as a common law obligation is in conflict with what we said in *Trustees of Schools v. Chambers*, 240 Ill. App. 295.

Appellant contends that the court of equity had no jurisdiction because appellee had an adequate remedy at law. That point was raised by a demurrer to the bill and also by the answer but no error has been assigned calling in question the jurisdiction of the court. That being true the argument in that regard is without avail. In the state of the record our conclusions in *Trustees of Schools v. Chambers*, 240 Ill. App. 295, are controlling and it is unnecessary to restate them in this opinion. No reversible error having been pointed out, the decree is affirmed.

*Affirmed.*